## EL PUEBLO, DEMANDANTE Y APELADO, *v.* LUCCIONI, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por adulteración de leche.

No. 1574.—Resuelto en enero 24, 1921.

LECHE ADULTERADA—PRUEBA.—Cuando la prueba en conjunto es terminante en cuanto a que el acusado era el dueño y tenía el verdadero control del puesto de leche, el tratarse de probar que la patente estaba a nombre de un empleado no podrá servirle de excusa para eludir su responsabilidad por la venta de leche adulterada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. F. Fernández* e *I. Soldevila.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el presente caso el acusado fué declarado culpable del delito de adulteración de leche, siendo tres los errores que alega en esta apelación. Las partes discutieron también un cuarto error, el cual discutiremos debido a la relación íntima que tiene con los otros errores alegados en el caso, pero los abogados deben tener el cuidado de alegar los errores si es que desean que esta ocupada corte los considere.

Los tres errores que han sido alegados son los siguientes: (1) que la sentencia es contraria a la prueba; (2) que la corte cometió error al negarse a suspender el caso; y (3) que la pena de un mes era excesiva. El pretendido error que no fué alegado específicamente era que la corte admitió indebidamente como certificación la contestación del Comisionado Municipal de Hacienda a la carta del fiscal.

Hubo prueba suministrada por un empleado de que el depósito de leche pertenecía al acusado y la certificación del Comisionado Municipal también tendía a probar ese extremo. La prueba fué clara de que la leche estaba adulterada. El acusado no obstante, trató de demostrar principalmente por

su propia declaración que la patente para el puesto de leche estaba a nombre de la misma empleada Petra Montalvo que declaró en contra de él. Gran parte de la objeción en cuanto a la insuficiencia de la prueba giró sobre el punto de si el acusado era o no el dueño del depósito.

La admisión de la contestación del Comisionado Municipal hubiera tenido relación con este punto en controversia. No emplearemos mucho tiempo en discutir si el Comisionado Municipal era el debido funcionario para hacer esta certificación, porque la objeción del acusado no se hizo por ese fundamento, sino simplemente por ser incompleta la certificación, objeción que es demasiado indeterminada para que pueda servir a un acusado en apelación. El fundamento de objeción debe ser más específico, especialmente si el funcionario tiene algunos registros bajo su control. No se presentó objeción alguna de que la contestación no estaba debidamente certificada.

No solamente es cierto esto, sino que se renunció el error al permitirse declarar a otro testigo sin formularse objeción (verdad es que era prueba de referencia) que él comprobó el hecho de que el depósito pertenecía al acusado por los registros municipales.

En el juicio el acusado no hizo aparecer muy claro el hecho de que la patente para el puesto había sido traspasada a esta empleada. La corte tenía derecho a creer que esto era de otro modo. Sin embargo, aún cuando esta patente fuera realmente traspasada a ella la corte tenía derecho a creer por la propia declaración del acusado que él siguió siendo la persona que tenía el verdadero control del puesto. El establecimiento era de él. Todos los envases y vasijas del puesto pertenecían a él. Se probó que la leche era de él, por lo menos la prueba no demostró que ninguna otra leche sino la suya se vendía en el puesto, sino por el contrario que su leche fué vendida. La referida Petra Mon-

talvo, debido a que el acusado no quería que ella continuara como tal empleada, había de recibir dos centavos por cada cuartillo de leche vendido, pero no tenemos duda alguna de que el acusado ejercía un perfecto control en el puesto y que pudo haber retirado a Petra Montalvo cuando lo hubiera creído conveniente. La prueba de ser él el dueño es tan fuerte que aún suponiendo que hubiera habido algún error en admitir la contestación del funcionario municipal, tal admisión no perjudicaba.

Con respecto a la negativa de la corte a suspender el caso, lo que ocurrió fué que el acusado no podía encontrar a cierto testigo y que la corte había suspendido el caso por tres horas para que él pudiera buscar a dicho testigo. Puesto que el mismo acusado anunció que estaba listo para el juicio, la corte parece haber sido liberal en el ejercicio de su discreción, pero de todos modos, no demostrándose que el testigo era importante o necesario, la actuación de la corte no puede considerarse ahora como error. Los medios de obtener una suspensión han sido discutidos por esta corte en los casos de *El Pueblo* v. *Román,* 18 D. P. R. 219 y *Dyer* v. *Rossy,* 23 D. P. R. 772, donde hemos discutido con alguna extensión, las medidas que son necesarias para obtener la suspensión de un caso.

Con respecto al tercer error alegado, hemos examinado la prueba y no encontramos ninguna razón para intervenir en la discreción de la corte al fijar la pena en un mes.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.