EL PUEBLO, DEMANDANTE Y APELADO, v. ALVAREZ, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Primer Distrito, en causa por adulteración de leche.

No. 2132.—Resuelto en marzo 20, 1924.

ADULTERACIÓN DE LECHE—DUDA RAZONABLE.—Siendo dudoso y evasivo el testimo-
nio del inspector de sanidad respecto a si tomó la muestra de leche antes o
después de ser vaciada del jarro donde fué puesta en la vaquería a otro jarro
en el depósito de leche, preciso es concluir que la culpabilidad del acusado
no se estableció fuera de duda razonable.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. E. Díaz Viera.
Abogado del apelado: Sr. José E. Figueras, Fiscal.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

El artículo 236 del Código de Enjuiciamiento Criminal
prescribe lo siguiente:

"En todo proceso criminal, se considera inocente al acusado
mientras no se pruebe lo contrario, y en caso de existir duda ra-
zonable o fundada acerca de su culpabilidad, se le absolverá."

El apelante, dueño de una vaquería, vendía la leche a
un revendedor y la entregaba en un cacharro provisto de
un candado con llaves duplicadas, una de las cuales la guar-
daba el apelante y la otra el comprador.

El día del suceso de referencia el comprador abrió el
cacharro en su depósito, donde tenía otra leche para la
venta, y el contenido fué vaciado a otro envase. Esto se
hizo a presencia de un inspector de sanidad, quien declaró
en el juicio que tomó una muestra para fines de análisis
del primitivo envase; que la leche fué vaciada para obte-
ner la muestra y que no había ninguna agua en el recep-
táculo adonde fué vaciada con tal fin; que el testigo sabía
que no había agua en el jarro en donde se vació la leche;
que el testigo no examinó el jarro antes de ser vaciada en
él dicha leche; que el testigo examinó el jarro antes de lle-

narse y no había ninguna agua; que en el envase al cual
fué trasladada la leche no había agua; que el testigo lo
examinó; que el testigo siempre tiene esa precaución; que
el testigo no recordaba si la leche había sido vaciada o no
antes de tomar la muestra, pero creía que no; que fué va-
ciada; que el testigo estaba en duda sobre si la muestra se
tomó antes de que el envase primitivo se vaciara; que la
muestra se envió al laboratorio; que la leche se vació.

El dueño del depósito y comprador de la leche que ha-
bía abierto y vaciado el cacharro declaró que él había com-
prado la leche al apelante. Es significativo el hecho de que
a pesar de las manifestaciones contradictorias del anterior
testigo, el fiscal no hizo ninguna pregunta respecto a si la
muestra había sido tomada antes o después de vaciarse el
primitivo envase.

Si la leche fue cambiada a otro envase, en un depósito,
donde había otra leche para la venta, antes de tomarse la
muestra y sin la previa inspección de tal envase, o a falta
de prueba tendente a demostrar que el nuevo receptáculo es-
taba entonces vacío, ninguna corte podía declarar que se
había demostrado que el acusado era culpable fuera de duda
razonable. Ni puede permitirse que subsista ninguna sen-
tencia o condena basada en declaraciones tan claramente
evasivas, dudosas y contradictorias por sí como la del ins-
pector de sanidad arriba referidas, en un caso donde otras
declaraciones sobre la misma cuestión pueden claramente ob-
tenerse por el fiscal, pero que no se aportan por el referido
fiscal.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada y absuelto el
> acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciados Wolf, Aldrey y Franco Soto.