El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramón Borges, acusado y apelante.

No. 3176.—*Visto:* Junio 7, 1927. *Resuelto:* Julio 12, 1927.

1. Derecho Penal—Evidencia—Actos y Declaraciones de Conspiradores y Coacusados—Efecto de Tales Actos o Declaraciones.—Acusadas dos personas de un delito y celebrado un solo juicio, la prueba aportada por una favorece o daña a la otra.

2. Alimentos *(Food)*—Leche—Leche Adulterada—Procesos Criminales—Personas Responsables—Persona a Cuyo Nombre Está la Licencia del Puesto—Puesto de Leche Perteneciente a Varias Personas.—Cuando la licencia y fianza de un puesto de leche está a nombre del acusado como único dueño, el hecho de que el puesto pudiera pertenecer además a otras personas, no exime al acusado de responsabilidad personal directa por la venta de leche adulterada en el mismo.

Sentencia de *Luis Samalea,* J. (Arecibo), condenando al acusado por delito de adulteración de leche. *Confirmada.*

*Antonio Reyes Delgado,* abogado del apelante. *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El Fiscal del Distrito de Arecibo formuló acusación contra Ramón Borges y Casimiro Prieto imputándoles la comisión de un delito de adulteración de leche consistente en haber, el 24 de agosto de 1925, en Quebradillas, tenido expuesta para la venta y vendido para el consumo humano como pura leche de vaca adulterada.

Fué la causa a juicio y el 26 de febrero último la corte declaró culpables a ambos acusados imponiendo a Borges setenta y cinco dólares de multa y veinte y cinco a Prieto. No conforme Borges, interpuso el presente recurso de apelación.

El único error que se señala se refiere a la apreciación de la prueba.

Sólo dos testigos de cargo declararon: El inspector Agustín Abrams y el químico Gadea. Abrams el día y en el sitio especificados en la acusación fué al depósito de leche que según la licencia y la fianza pertenece al acusado Borges y encontró que se estaba vendiendo leche y de ella

tomó tres muestras. Examinada una de las muestras por
Gadea resultó que estaba "adulterada aproximadamente
con 22 por ciento de agua añadida artificialmente." Pre-
guntado Abrams por el abogado defensor de Borges sobre
quiénes eran los verdaderos dueños del depósito, contestó,
"sé, por decir una cosa segura no, sé que he oído decir
que son tres, que es del padre, del hijo y de los herma-
nos." La tendencia de la pregunta y de la contestación era
demostrar que aunque el acusado Borges fué el que soli-
citó la licencia y prestó la fianza como dueño del depósito,
éste pertenecía en realidad de verdad también a su padre
y sus hermanos.

El acusado Borges declaró como su propio testigo mani-
festando que el depósito era de la propiedad de varios agri-
cultores y que todos mandaban leche para ser en él expen-
dida.

El otro acusado Prieto presentó como prueba las decla-
raciones de varios testigos que tienden a demostrar que la
leche fué inspeccionada cuando llegó del campo procedente
del acusado Borges.

[1, 2] No está envuelta en este recurso de apelación la
participación que en el hecho delictivo tuviera Prieto, pero
como se celebró un solo juicio la prueba aportada por
Prieto favorece o daña a Borges.

El alegato del apelante Borges está cuidadosamente pre-
parado y se hacen en él los mayores esfuerzos por demos-
trar que la prueba no es suficiente para sostener la senten-
cia condenatoria dictada en cuanto a Borges. Se invocan
los casos de *El Pueblo* v. *Luccioni,* 29 D.P.R. 49 y *El Pue-
blo* v. *Álvarez,* 32 D.P.R. 893.

La teoría del acusado es que demostrando la prueba que
el depósito pertenecía a varios dueños y enviando todos
leche para ser vendida en el mismo, no puede condenarse al
acusado como solo dueño.

El acusado era el dueño único según la licencia y la
fianza. Si había otros dueños, no importa. Para poder

precisamente exigir responsabilidad a una persona determinada es que la ley requiere que se expida la licencia a favor de alguna persona y se preste por ella la fianza. Voluntariamente aceptó el acusado la posición de mayor responsabilidad y no puede eludir ahora las consecuencias de sus actos.

El caso de *Luccioni, supra,* presenta una situación distinta. Allí se resolvió que "cuando la prueba en conjunto es terminante en cuanto a que el acusado era el dueño y tenía el verdadero control del puesto de leche, el tratarse de probar que la patente estaba a nombre de un empleado no podría servirle de excusa para eludir su responsabilidad por la venta de leche adulterada". Aquí la licencia estaba a nombre del acusado y el acusado era también dueño aunque lo fuera con otros. Además si algún elemento de duda pudiera dejar el examen de la prueba de cargo combinada con la de descargo de Borges, desaparece al examinar la de descargo del otro acusado Prieto que mostró el origen de la leche de que se trata como proviniente de Borges.

Tampoco favorece al apelante el otro caso que invoca o sea el de *El Pueblo* v. *Álvarez, supra,* porque aquí no es el testimonio del inspector de sanidad, como allí, dudoso y evasivo, sino claro y terminante.

En tal virtud y visto el caso de *El Pueblo* v. *Gautier,* 20 D.P.R. 327, *debe confirmarse la sentencia apelada.*