Gómez & Vega, Sucrs., demandante y apelada, *v.* Tiburcio Merced, demandado, y José Merced, interventor y apelante.

No. 4086.—*Visto:* Mayo 25, 1927.—*Resuelto:* Marzo 16, 1928.

1. Embargos—Reclamaciones por Terceras Personas—Procedimientos para Determinar la Reclamación—Defensas.—El que interviene en una acción reclamando como suyas mercancías embargadas, debe proceder en igual forma que lo haría en un procedimiento colateral y no puede interponer una defensa personal del demandado.

2. Embargos—Reclamaciones por Terceras Personas—Procedimientos para Determinar la Reclamación—De la Evidencia en General—Peso de la Prueba.—Embargadas mercancías y reclamadas éstas por otro como suyas, el peso de la prueba recae sobre el interventor que las reclama para demostrar, mediante una preponderancia de prueba, que él es el dueño de los efectos embargados; si así deja de hacerlo, él deja de probar su caso.

3. Embargos—Reclamaciones por Terceras Personas—Procedimientos para Determinar la Reclamación—Sentencia.—Para llegar a una sentencia adversa contra un interventor que reclama como suyos bienes embargados, no es imprescindible en todos los casos que la corte resuelva que tal interventor era culpable de fraude y no era así bajo los hechos de este caso.

Sentencia de *Miguel A. Muñoz,* J. (San Juan), declarando sin lugar la demanda de intervención, con costas y honorarios. *Confirmada.*

*Carmelo Honoré,* abogado del interventor apelante; *Adrián Agosto,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Durante la vista de este caso las cuestiones en controversia (*issues*) parecían ser confusas, aunque el juez de la corte inferior tuvo una concepción sencilla de ellas y su opinión podría ser sostenida prácticamente en su totalidad. Gómez & Vega, Sucrs. demandaron a Tiburcio Merced en cobro de provisiones vendídales. Para asegurar su reclamación Gómez & Vega embargaron mercancías en cierto es-

tablecimiento.   José Merced, hermano del demandado Tibur-
cio Merced, intervino, reclamando las mercancías embarga-
das como suyas.   La corte dijo que José Merced no compa-
reció como testigo; que José Merced obtuvo ciertas paten-
tes para vender provisiones y cigarros en el número 19 de
la Calle Puerto Arturo; que según se desprendía de la
prueba los efectos embargados fueron tomados de una
tienda en la Calle Palma de Santurce (el establecimiento
aparentemente quedaba en una esquina); que allí Tiburcio
Merced estaba establecido como comerciante y que José
Merced era su empleado; que se montó otro establecimiento
al frente del cual estaba José, pero que aparentemente es-
tuvo abierto muy poco tiempo; que el dueño de la casa de-
claró que él cedió en arrendamiento el establecimiento a Ti-
burcio Merced; que este último suministró los fondos para
arreglar el local y que Tiburcio iba allí con frecuencia a
atender el establecimiento; que poco antes del embargo, se-
gún declaró la demandante, el demandado Tiburcio Merced
le había hecho compras en cantidades mucho mayores de lo
normal y que las mercancías que estaban en el estableci-
miento eran de la procedencia de Gómez & Vega y traían
el sello de la casa; que en el momento de hacerse el em-
bargo no hubo protesta alguna por parte de José y que no
había prueba alguna que justificara que él fuera el dueño
de los artículos embargados; que el márshal, que sabía algo
de los hechos, no fué llamado como testigo.   Por tanto, la
corte llegó a la conclusión de que el interventor no había
probado su caso y que el mero hecho de tener una patente
a su nombre no establecía presunción alguna.   Se dictó sen-
tencia contra el interventor.

[1, 2] El apelante alega que cierta parte de su prueba
destruyó la prueba de la demandante y que por tanto la
corte cometió error.   Se hacen citas de autoridades que no
nos es posible seguir.   Es indudablemente cierto que un
interventor debe proceder en igual forma que lo haría en
un procedimiento colateral y que no puede interponer una

defensa personal del demandado, pero la cuestión aquí envuelta fué principalmente de hecho. Convenimos con la corte inferior en que no hubo suficiente prueba en el juicio para demostrar que los artículos embargados pertenecieran al interventor. El peso de la prueba recaía sobre el inter-ventor para demostrar mediante una clara preponderancia de la prueba que él era el dueño de los efectos embargados. En ningún momento probó cómo ni cuándo compró los artículos. La prueba del interventor demostró que él tenía ciertas patentes y presentó testigos, principalmente al demandado, a quien pertenecía el establecimiento, pero no probó que fuera dueño de las provisiones. No hallamos que de la prueba se desprendiera claramente que José Merced fuera el dueño del establecimiento en que se embargaron los efectos y hubo suficiente prueba para indicar lo contrario. Aún si José Merced era el dueño del establecimiento, hecho que no ha sido probado, tal posesión quizás sólo creó una ligera presunción a su favor, pero con la prueba aducida en contrario, dejó de probar su caso con preponderancia de prueba. La corte inferior no se equivocó al decir que el hecho de que las patentes estuviesen expedidas a su nombre no establecía presunción alguna a favor de José Merced. Hemos resuelto algo similar en un caso de adulteración de leche en que un acusado presentó una patente expedida a nombre de otra persona. *El Pueblo* v. *Luccioni,* 29 D.P.R. 49.

Bajo el segundo señalamiento de error el apelante alega que él no estaba obligado a presentar al márshal como testigo, pero la corte tenía derecho a comentar la ausencia de esta declaración. Evidentemente tampoco la corte basó su conclusión sobre esta ausencia. No obstante, el márshal pudo haber arrojado alguna luz sobre la identificación de las provisiones, hecho que no ha sido considerado como de gran importancia por el interventor.

[3] En su tercer señalamiento el apelante alega que para llegar a la sentencia que dictó, la corte estaba obli-

gada a resolver que el interventor era culpable de fraude. La corte no llegó a tal conclusión, sino que resolvió que el interventor había dejado de probar su caso.

Si bien tal cosa no era necesaria, dudamos que hubiésemos alterado tal conclusión si la corte inferior hubiera resuelto que se había cometido un fraude. El mismo apelante insiste en el hecho de que él nunca compró efectos algunos a la demandante. Gómez & Vega vendió provisiones a Tiburcio y la prueba demostró que algunos, si no todos, los efectos embargados procedían·del establecimiento de la demandante. El demandado y el interventor son hermanos, y mercancías que recientemente pertenecían a uno son reclamadas por el otro sin que se demuestre que mediara precio alguno para hacerse el traspaso. Hubo también alguna prueba tendente a demostrar que ambos hermanos hacían negocios en el establecimiento. La transacción tenía todas las características de un fraude, aunque puede que ése no fuera el caso y la corte inferior no resolvió tal cosa.

Sin embargo, tenemos idea, bajo las circunstancias del presente caso, en que las relaciones fraternales están tan enredadas, que José Merced estaría impedido (*estopped*) de poder negar que las provisiones pertenecían a su hermano Tiburcio. Nadie puede ir contra sus propios actos.

*Debe confirmarse le sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.