EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO CASTILLO y JOSÉ CARDONA, acusados y apelante el primero.

No. 3940.—*Sometido:* Enero 22, 1930. *Resuelto:* Febrero 4, 1930.

*José Soto,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de San Juan formuló acusación contra Pablo Castillo y José Cardona por transportar y vender para el consumo humano leche de vaca adulterada.

Celebrada la vista, la corte condenó al acusado Castillo a pagar treinta dólares de multa y en defecto de pago a sufrir un día de cárcel por cada dólar dejado de satisfacer y al otro acusado Cardona a pagar cien dólares de multa o a sufrir un día de cárcel por cada dólar que dejare de satisfacer, no excediendo la prisión de noventa días.

No conforme Castillo con la sentencia apeló para ante este tribunal, señalando en su alegato la comisión de tres errores todos en relación con la apreciación de la prueba.

El fiscal de este tribunal estudió cuidadosamente el caso y conviene con el apelante en que la prueba no es suficiente.

La única prueba que existe en contra del acusado Castillo es la de que la licencia del depósito donde se vendió la leche estaba a su nombre.

Esa prueba en general es bastante. En el caso de *El Pueblo* v. *Borges,* 37 D.P.R. 149, esta corte dijo:

"El acusado era el dueño único según la licencia y la fianza. Si había otros dueños, no importa. Para poder precisamente exigir responsabilidad a una persona determinada es que la ley requiere que se expida la licencia a favor de alguna persona y se preste por ella la fianza. Voluntariamente aceptó el acusado la posición de mayor responsabilidad y no puede eludir ahora las consecuencias de sus actos."

Pero aquí es en verdad tan completa y persuasiva la prueba de que Castillo vendió el negocio a Cardona más de un mes antes del suceso, habiendo estado ambos acusados en la oficina de Sanidad a comunicar la transacción y habiendo recibido Cardona los blancos de la nueva licencia para llenarlos, que es necesario concluir que el verdadero y único dueño del depósito lo era Cardona y que Castillo nada absolutamente tenía de hecho que ver con el mismo. Bajo esas circunstancias sería injusto condenar a Castillo, sobre todo habiéndose condenado como se condenó a Cardona.

Parece conveniente recordar que esta corte en el caso de *El Pueblo* v. *Luccioni,* 29 D.P.R. 49, dijo:

"Cuando la prueba en conjunto es terminante en cuanto a que el acusado era el dueño y tenía el verdadero control del puesto de leche, el tratarse de probar que la patente estaba a nombre de un empleado no podrá servirle de excusa para eludir su responsabilidad por la venta de leche adulterada."

Y es oportuno hacer constar que sólo en un caso en que la prueba sea tan fuerte y tan clara como en éste puede llegarse

a la conclusión a que hemos llegado. Aquí no sólo declaró Castillo. Declararon los oficiales del gobierno, declaró el proveedor de la leche al depósito sobre la sustitución de dueños y se presentaron no uno sino varios recibos del pago de leche a clientes expedidos por Cardona. Todas las declaraciones son claras y precisas y la misma actitud de Cardona declarando en contra de la existencia del traspaso demuestra que no se trata de una confabulación. Castillo se encontraba en la República de Santo Domingo cuando se vendió la leche adulterada.

*Por virtud de todo lo expuesto debe revocarse la sentencia en cuanto condenó al apelante Castillo y dictarse otra absolviéndolo del cargo que se formuló en contra suya.*