El Pueblo de Puerto Rico, demandante y apelado, *v.* Hermenegildo Santiago, acusado y apelante.

No. 3934.—*Sometido:* Diciembre 11, 1929. *Resuelto:* Mayo 31, 1930.

*R. López Antongiorgi,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Hermenegildo Santiago fué acusado porque en Guayama, el 12 de diciembre de 1928, voluntariamente y por conducto de otras personas ofrecía en venta como pura para el consumo humano leche de vaca adulterada con agua añadida artificialmente. Fué condenado por ese delito a satisfacer una multa de $25 y en defecto de pago a sufrir un día de cárcel por cada dólar que dejare de satisfacer y también las costas.

Contra ese fallo ha interpuesto esta apelación alegando que la corte inferior cometió dos errores, siendo el primero que la sentencia no está sostenida por la prueba.

Aparece de los autos que la licencia de ese puesto de leche en la fecha expresada estaba a nombre del apelante, quien solicitó el permiso para ella y quien prestó la fianza requerida por la ley; pero dice el apelante que esto no es suficiente para condenarle porque se demostró también que en la fecha mencionada el apelante ya nada tenía que ver con ese puesto de leche y que eran otros los que la vendían, así como que otra persona era la dueña del puesto.

Es cierto que se prestaron declaraciones en ese sentido, pero para la ley el dueño del puesto de leche es *prima facie* la persona que ha obtenido la licencia parà tenerlo y que ha prestado la fianza que para tener esos puestos requiere la Ley No. 77 de 1925. Esa cuestión ya ha sido resuelta por nosotros en el caso de *El Pueblo v. Borges,* 37 D.P.R. 149, en el que dijimos: "El acusado era el dueño único según la licencia y la fianza. Si había otros dueños, no importa. Para poder precisamente exigir responsabilidad a una persona determinada es que la ley requiere que se expida la licencia a favor de alguna persona y se preste por ella la fianza. Voluntariamente aceptó el acusado la posición de mayor responsabilidad y no puede eludir ahora las consecuencias de sus actos." Si como dice el apelante había

dejado de tener conexión con el puesto de leche cuando fué ocupada la adulterada, él debió haberse dado de baja en la oficina de Sanidad para evitar responsabilidad. Por tanto, la sentencia está sostenida por la prueba.

El otro motivo de la apelación es por haber sido condenado a sufrir prisión en defecto del pago de la multa impuesta; y se funda en que la ley citada dispone que la fianza que la misma requiere será aplicada hasta donde alcance, o la parte de ella que fuere necesario, al pago de la multa que la corte impusiere a una persona convicta de acuerdo con esa ley. Con este motivo del recurso está conforme el Fiscal de este tribunal y nos pide que modifiquemos la sentencia que ha sido apelada.

En el caso de *El Pueblo* v. *Carrión,* 36 D.P.R. 760, modificamos la sentencia para imponerla de acuerdo con la Ley No. 77 de 1925 e impusimos una multa de $100. Parece que esa ley quiso que en esta clase de delitos la multa fuese pagada en dinero y por eso dispuso que la fianza prestada de acuerdo con ella sea aplicada al pago de la multa, en lo necesario.

*La sentencia apelada debe ser modificada en el sentido de condenar al acusado a pagar $25 de multa y las costas, y en lo demás debe ser confirmada.*