JULIA ACEVEDO, demandante y apelante, *v.* SUCN. DE HENRY W. DOOLEY, compuesta de su viuda ELISA B. KING DOOLEY y de su hija adoptiva MARY GERTRUDE DOOLEY, menor de edad, representada por su madre con patria potestad ELISA B. KING DOOLEY, demandada y apelada.

Num. 7160.—*Sometido:* Mayo 20, 1937. *Resuelto:* Julio 23, 1937.

*Carlos D. Vázquez,* abogado de la apelante; *Dubón & Ochoteco,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se trata de un pleito sobre resolución de contrato resuelto en contra de la demandante. Ésta alegó substancialmente en su demanda que Henry W. Dooley le vendió dos solares en Santurce por precio de $1090 pagaderos $25 de contado y el resto en pagos mensuales no menores de $20, quedando incluídos en dicho precio los intereses y las contribuciones y obligándose el vendedor a otorgar escritura libre de gravámenes una vez que lo recibiera totalmente; que la compradora pagó los primeros $25 en marzo 13, 1922, e hizo luego abonos en las fechas que especifica hasta la suma de $1,010; que a fines del año 1929 fué a pagar al vendedor el saldo de $80, exigiéndole que le otorgara la escritura y Dooley se negó a recibir el saldo y a otorgar el documento, y que no obstante haber quedado resuelto el contrato, ni el vendedor antes de su fallecimiento ocurrido en 1932 ni sus herederos después han devuelto a la demandante los $1,010 abonados, a pesar de

los requerimientos privados héchosles por la demandante. Se pide sentencia condenando a las demandadas herederas de Dooley a pagar a la demandante la indicada suma, intereses y costas.

Contestaron las demandadas. Admitieron la celebración del contrato y el precio de la venta, pero negaron que el precio incluyera los intereses y las contribuciones. Admitieron que el vendedor quedó obligado al otorgamiento de la escritura una vez que recibiera la totalidad del precio, pero negaron que el saldo fuera el de $80, alegando en contrario que ascendía a $120, debiéndoles además la compradora $230.55 por intereses y contribuciones. A su contestación acompañaron un estado minucioso de los abonos, de los intereses de mora y de las contribuciones. Pidieron sentencia declarando la demanda sin lugar y condenando a la demandante a pagarles $352.55, intereses y costas.

Trabada así la contienda fué el pleito a juicio. Una y otra parte practicaron prueba documental y testifical. La corte de distrito en una larga y razonada relación del caso y opinión analizó las alegaciones y la evidencia concluyendo que no quedó demostrado que el vendedor violara el contrato, no procediendo por tanto su resolución por tal motivo. Por su sentencia declaró "sin lugar la demanda, sin especial condenación de costas." Apeló la demandante. En su alegato señala la comisión de cinco errores todos referentes a la prueba—a su admisión y al peso de la misma.

■ Por el primero sostiene que erró la corte al admitir en evidencia ciertas cartas escritas por el causante de la Sucesión demandada a la demandante.

Se objetó su admisión por tener el carácter de *self-serving*, ya que la controversia entre las partes surgió en diciembre de 1929 y las cartas se escribieron en enero 1930 cuando existía la posibilidad del pleito. Se invocan las decisiones de esta corte en *Méndez* v. *Martínez*, 24 D.P.R. 241 y *Freiría & Co.* v. *Cortés Hnos. & Co.*, 32 D.P.R. 127.

Una de las cartas, la más amplia de ellas, dice:

"Enero 22, 1930.—Sra. Julia Acevedo, c/o Carmelo García, 36 Carretera Quintana, Hato Rey.—Solares 7 y 9.—Muy señorita nuestra: Refiriéndonos a su visita de ayer con sus dos hermanos, tratamos de hacer muy claro a usted el asunto de los dos solares. El 27 de diciembre entregamos un estado detallado a su representante, por los solares 7 y 9 en Avenida del Río, habiendo un balance a nuestro favor de $218.13 en el solar 7 y $218.12 en el solar 9, haciendo un total de $436.25. Acordamos hacer una rebaja de $40 que usted alegaba haber pagado, pero cuyo pago no aparece en nuestros libros, y por consiguiente, después de descontar estos $40 el balance quedó reducido a $396.25. Más aun concedimos otro descuento si ambos solares eran pagados, y según convinimos con su representante estábamos dispuestos a aceptar el pago de $350 como pago total de los dos solares, y entregarle las escrituras por los mismos. Esto estamos preparados a hacer siempre que el pago sea hecho prontamente y antes de que se acumulen intereses.—Atto. amigo y S.S., (Signado) H. W. D.''

Los documentos se presentaron en copias en carbón identificadas por la testigo María E. Campos, Secretaria del causante de las demandadas, quien declaró también que todas contenían un signo puesto por el propio causante. Todas fueron entregadas personalmente por el testigo José Hernández o cursadas debidamente por el correo.

No creemos que su admisión fuera errónea. Analizadas en relación con la propia prueba de la demandante guardan estrecha relación con ella. Se refieren a la exacta cuestión en controversia. Y en cuanto a que hubieran podido prepararse con el pensamiento puesto en un futuro litigio, ello iría más bien al peso de la evidencia que a la admisibilidad de la misma.

"Las comunicaciones escritas habidas entre las partes en un litigio en relación con el asunto del mismo son por regla general admisibles en evidencia .... La posibilidad de que una carta escrita después de haberse iniciado un recurso pueda ser evidencia fabricada es cuestión que va a su peso y no a su admisibilidad." 10 R. C. L. 1147 y 1148.

Este caso es más fuerte puesto que el pleito no se había aún iniciado cuando las cartas fueron escritas y enviadas a la demandante. Refiriéndonos especialmente a la que dejamos transcrita, se observa que fué su propósito el de fijar inmediatamente por escrito el alcance de esa conferencia, a los fines de concretar sus términos para mayor claridad y beneficio de una y otra parte, y para seguir actuando en el futuro sobre una base cierta.

Hemos estudiado los casos de esta corte que se invocan y revelan situaciones distintas a la que surge del presente. En el primero o sea en el de *Méndez* v. *Martínez,* 24 D.P.R. 241, 248, dijo esta Corte:

"La excepción décima se refirió a la negativa de la corte en admitir una carta escrita por Víctor Martínez, padre, a su esposa, en la que le manifiestó que Víctor P. Martínez era su único hijo legítimo. Esta carta fué a manera de una declaración en su propio interés (*self-serving*). Era *res inter alios acta* y no se probó ninguna razón para su admisión. No vemos ningún error y la carta prácticamente no tendría fuerza probatoria alguna. Sin la solemnidad de un juramento una carta escrita por un hombre a su esposa en la que le dice que no tiene otro hijo que su hijo legítimo, aun cuando fuera prueba competente sería todavía menos convincente o probatoria que la manifestación hecha por un hombre de que una propiedad era suya exclusivamente y no ganancial."

Y en el segundo o sea el de *Freiría & Co. S. en C.* v. *Cortés Hermanos & Co.,* 32 D.P.R. 127, 132, se dice:

"Una simple lectura de las cartas que hemos copiado explica la condición de este caso. La alegada existencia del subsiguiente convenio o novación del contrato de compraventa, solamente aparece de las cartas de la demandada, pero nada se desprende en tal sentido de las escritas por la demandante. Por el contrario, la demandante en su contestación de fecha 18 de agosto, 1920, sostiene en forma inequívoca que la venta se hizo en firme y no de un modo eventual sin sujeción a condición alguna, disipando las dudas que la demandada trata de inferir de la primera réplica de la demandante de julio 28, 1920, interpretándola como una contestación evasiva, y una admisión implícita de la modificación del convenio original . . . . . Así es que, apareciendo claramente que existe una ausencia completa

de parte de la demandante de haber admitido el segundo convenio, la regla aplicable en estos casos es 'que no se puede crear evidencia (*self-serving evidence*) para sí mismo, mediante comunicaciones escritas a la otra parte respecto a la naturaleza de las negociaciones entre ellas, o la responsabilidad de la parte a quien van dirigidas, a falta de alguna contestación en que muestre su conformidad con las mismas.' 10 R.C.L. 1150.''

Aquí como ya hemos indicado el contenido de las cartas guarda relación con la propia prueba de la demandante. La diferencia entre las partes surgió en cuanto al abono de cuarenta dólares y en cuanto al cobro de intereses de mora y contribuciones.

Por el segundo señalamiento se imputa error a la corte al admitir la declaración de Amos J. King en relación con el contenido de los libros de contabilidad del vendedor.

El testigo declaró que era albacea de la Sucesión demandada y en su oficina estuvieron la demandante, Tiburcio D. García y Andrés Cabrera a ofrecerle ochenta dólares en pago total de la deuda y a exigirle que otorgara la escritura y que como no estaba familiarizado ni con dichas personas ni con la transacción, hizo una investigación en los libros del Sr. Dooley, y se negó entonces a recibir los ochenta dólares porque dichos libros arrojaban un saldo de $331 a favor de la Sucesión.

Se opuso la demandante pidiendo que los libros fueran presentados por constituir la mejor prueba sobre el particular y la corte permitió la declaración.

Aunque en verdad se hubiera cometido el error que se señala, dadas las circunstancias concurrentes, no creemos que fuera perjudicial. Como sostienen los apelados en su alegato, el hecho en controversia no era el contenido de los libros, sino el montante de la liquidación de la deuda de la demandante. Con la contestación a la demanda se acompañó un estado de todos los abonos con expresión de cantidad y fechas y el cálculo de los intereses de mora con arreglo a éstas y, además, de lo cargado por contribuciones. Y ese documento que no

fué impugnado, coincide en cuanto a los abonos en fechas y cantidades con la relación que la propia demandante incluyó en su demanda, excepción hecha de un abono de $40 que según la demandante se hizo el 6 de julio de 1922 que no figura en la liquidación. Además, la demandante presentó todos los recibos que se le entregaban cuando hacía los abonos y el que se refiere al controvertido del seis de julio es muy distinto de los otros en verdad.

■ Los señalamientos tercero, cuarto y quinto se refieren al peso de la prueba. Sostiene en ellos la apelante que la corte sentenciadora erró al resolver que no se hizo un abono de cuarenta dólares el seis de julio de 1922, que cometió error manifiesto al apreciar en general la prueba y que su sentencia es contraria a derecho y a la prueba.

Copiamos del alegato de la apelante:

"Antes de entrar en la argumentación de estos errores es conveniente que pongamos de manifiesto ante este Hon. Tribunal la importancia del hecho en controversia siguiente: si pagó o no la demandante el 6 de julio de 1922 la cantidad de $40 para abonar al precio de los solares. Si la demandante efectuó dicho pago entonces hay base para considerar si además de los $80 podía exigirle el Sr. Dooley, de acuerdo con el contrato existente entre ellos, el pago de contribuciones y de intereses. Si la demandante no hizo ese pago, entonces el Sr. Dooly no estaba obligado a aceptar los $80 como saldo del precio de la venta y se hace innecesario resolver las demás cuestiones envueltas en este litigio."

Para probar el abono de que se trata la demandante presentó el documento a que hicimos referencia que ella sostiene que es un recibo y la declaración de Tiburcio D. García, su marido.

La corte sentenciadora añaliza, compara y pesa dicha prueba en su relación del caso y opinión, como sigue:

"Tiburcio D. García, el agente de la demandante, declaró que él hizo el pago de $40 en la fecha a que se refiere el documento, a F. del Río, que entonces era empleado del Sr. Dooley, pero que no satisfizo el dólar de recargo, y que dicho documento fué extendido por dicho señor del Río, sin firmarlo.

"En junio 18, 1922, aparece un recibo que dice: 'A plazos correspondientes a los meses de abril, 1922.—$20.00.'

"En julio 12, 1922, se expidió otro recibo, como sigue: 'Abono a cuenta de sus solares Nos. 7 y 9 de la Avenida del Río.—$20.00.'

"Y en agosto 1, 1922, existe otro recibo, que dice: 'Plazos por el mes de Junio, 1922, dos solares 7 y 9.—$20.00.'

"Estos tres recibos están firmados así: 'Henry W. Dooley, por F. del Río.' Y si los mismos constituyen la verdad escrita, pues los Sres. Dooley y del Río han fallecido, el primero en 1932 y el segundo en 1924, y no pueden venir aquí a declarar, o sea que las mensualidades vencidas de abril, mayo y junio, 1922, se pagaron en junio 18, julio 12 y agosto 1, 1922, respectivamente, entonces no es cierta la declaración de Tiburcio D. García, de que pagara a F. del Río, en julio 6, 1922, los referidos meses de mayo y junio, 1922, y que se le diera ese documento sin firma. Por la forma en que se halla redactado el escrito, representa ser una nota o recordatorio de los plazos vencidos y el que estaba por vencer, y de la obligación que había de pagar recargos por la demora. En la cuenta presentada por la parte demandada aparecen los pagos en las fechas que constan en los recibos firmados, y los recargos por los días de demora en el pago.''

Tras una inspección directa del documento original remitido a esta corte y de los recibos de abonos cuyos originales fueron también elevados, creemos que la conclusión a que llegara el juez sentenciador no debe ser alterada.

No sólo no está firmado el documento como acuse de recibo, si que los dos plazos mensuales a que se refiere—mayo y junio de 1922—quedaron cubiertos por los recibos que indica el juez sentenciador. Bajo esas circunstancias, no podemos decidir que dicho juez errara al dejar de creer la declaración del marido y agente de la demandante.

Habiendo llegado a las anteriores conclusiones, nada más tendríamos que decir para declarar sin lugar el recurso, de acuerdo con la pauta trazada por la misma apelante en su alegato. Eso no obstante nos parece apropiado y conveniente terminar nuestra opinión transcribiendo los dos últimos párrafos de la relación del caso y opinión de la corte sentenciadora. Son así:

"Expuesto lo que antecede, y no tratándose de un pleito sobre cumplimiento del contrato, parece innecesario considerar si en el

precio de venta quedó incluído el importe de las contribuciones y los intereses de la deuda o si también se convino el pago de las contribuciones que se impusieran a los solares y los intereses sobre las cantidades aplazadas. Sin embargo, en cuanto a los intereses diremos, que si bien en el documento de venta no existe pacto expreso alguno con respecto al pago de los mismos, lo que reclama la demandada son intereses de mora en el cumplimiento de la obligación que de acuerdo con el artículo 1067 del Código Civil empiezan a devengar desde el día en que el acreedor hace la interpelación, ya sea judicial o extrajudicialmente. Pudiera ser, sin resolverlo, que el recibo de los plazos que han sido pagados, sin reserva alguna con respecto a los intereses, extinguió la obligación del deudor en cuanto a los mismos, visto el artículo 1077 del Código Civil; pero habiéndose demostrado que del capital está pendiente de pago la suma de $120, vencida desde el 13 de septiembre 1926, y que el Sr. Dooley, extrajudicialmente exigió el cumplimiento de la obligación según resulta de las cartas presentadas, la primera de las cuales es de fecha 28 de febrero de 1929, desde entonces claramente procedía cobrar intereses de mora al 6 por ciento anual.

"De la evidencia aparece que, después del contrato de compraventa, la compradora ejecutó actos de posesión sobre los solares, desyerbándolos y limpiándolos, y si bien aparece además que los mismos estuvieron en un tiempo ocupados por Amelio Delanoy y Lino Dávila, durante el año 1932 y hasta el huracán de San Ciprián, no resulta demostrado satisfactoriamente que lo fuera mediante contrato con Henry W. Dooley, quien falleció el 4 de marzo de 1932. Amos J. King, su albacea testamentario, declaró que no conocía a Emilio Dávila, ni a Amelio Delanoy, y que nunca recibió de ellos dinero alguno por concepto de alquiler de los solares."

*Se declara sin lugar el recurso y se confirma la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.