JUAN MATOS LABOY, demandante y apelante, *v.* RUFO SIERRA, demandado y apelado.

Núm. 9926.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Junio 23, 1950.

700

*Guillermo Bauzá González,* abogado del apelante; *Ernesto Juan Fonfrías* y *Santiago Polanco Abréu,* abogados del apelado.

*PER CURIAM:* De una sentencia que declaró sin lugar su demanda sobre cumplimiento específico de contrato, devolución de cantidad y daños y perjuicios, apeló el demandante y en su alegato sostiene que "El tribunal inferior cometió error al dictar sentencia contraria a la prueba y al hacer una apreciación errónea de la prueba ofrecida y admitida."

En su "Relación de Hechos y Opinión" el tribunal inferior hizo el resumen de la prueba *testifical.* Al final del mismo, consignó: "Con esta prueba quedó sometido el caso a la consideración del Tribunal. . ." En el resumen no se incluyó el testimonio de Ramón Ortiz Cruz (Juan Bonomo), empleado del demandado utilizado como testigo por el demandante, quien identificó ciertos documentos que el tribunal admitió como prueba de éste, ni se hizo referencia a la prueba documental de ninguna de las partes. Tampoco expuso el

tribunal los hechos que estimó probados, ni consignó sus conclusiones de derecho, según requiere la Regla 52(a) de las de Enjuiciamiento Civil. Su conclusión la expresó en un párrafo que lee:

"La Corte ha considerado cuidadosamente toda la prueba ofrecida. Después de apreciar y analizar el conjunto de la misma, aquilatar el testimonio y ver la forma de declarar los testigos, llega a la conclusión de que la evidencia en este caso está a favor del demandado y en contra del demandante."

Si no fuera porque en el caso de autos se presentó por el demandante prueba documental que fué admitida sin objeción del demandado—la cual prueba, según el testigo Ortiz Cruz (Bonomo) reflejaba todos y cada uno de los gastos que se hicieron en la obra que motivó la reclamación—pasaríamos por alto la omisión en el cumplimiento de la Regla 52(a) citada, y procederíamos a resolver el recurso en sus méritos, conforme hicimos en *Santana et al. v. García et al.*, ante, pág. 142, y *Cáceres et al v. García Dones*, ante, pág. 406. En el presente, sin embargo, no sólo debería tener este Tribunal el beneficio de las conclusiones de hecho del tribunal inferior, sino también el de las conclusiones de derecho pertinentes sobre el efecto, si alguno, de la prueba documental admitida, con relación a la totalidad o parte de la reclamación del demandante. Si bien este caso vino a nos con anterioridad a la fecha en que advertimos a las cortes inferiores en el caso de *Santana et al. v. García et al.*, supra, de nuestra determinación de dejar sin efecto en el futuro sentencias dictadas después de esa fecha en casos en que no se hubiere dado cumplimiento a la Regla 52(a) de referencia, estimamos que en el de autos, por la peculiaridad antes anotada, debemos requerir el cumplimiento estricto de dicha Regla.

*La sentencia será dejada sin efecto y devuelto el caso al tribunal inferior para que luego de dar cumplimiento a la Regla 52(a) de las de Enjuiciamiento Civil, dicte la sentencia que a su juicio corresponda.*