EL PUEBLO DE PUERTO RICO, ETC., demandante y apelante, *v.* LA SUCESIÓN DE RAMONA RAMÍREZ ALVARADO, compuesta de ANTONIA, PEDRO, CONSUELO, ENRIQUE Y JOSÉ, todos de apellidos FERNÁNDEZ RAMÍREZ, ET ALS, demandados y apelados.

Núm. 10451.—*Sometido:* Noviembre 5, 1951.   *Resuelto:* Enero 29, 1952.

*Hon. Procurador General Víctor Gutiérrez Franqui (Federico Tilén, Procurador General Interino,* en el alegato) y *Clemente Pérez Martínez, Procurador General Auxiliar,* abogados del apelante; *Antonio L. López,* abogado de la Sucesión apelada.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

Al dictar sentencia en este caso el Tribunal de Expropiaciones de Puerto Rico hizo constar que había llegado a las siguientes conclusiones de hecho:

"Por el mérito de la prueba practicada por las partes, la inspección hecha por este Tribunal, y luego de un estudio y análisis cuidadoso y sereno de todos los factores de valor que concurren en este caso y las posibilidades de venta en un mercado abierto de lo expropiado, a la fecha de la expropiación, este Tribunal concluye que la justa compensación que deberá pagar el demandante a la demandada es la suma de $2,000 (dos mil dólares)."

No conforme con la sentencia dictada El Pueblo de Puerto Rico apeló y sostiene que el tribunal inferior erró (1) al no consignar sus conclusiones de hecho según lo requiere la Regla 52 (a) de las de Enjuiciamiento Civil, y (2) al apreciar la prueba y fijar la justa compensación en $2,000.

Consideramos que el primer error fué cometido. Las tituladas "Conclusiones de Hechos" que hizo constar el tribunal a quo son meras generalidades que no ponen a este Tribunal en condiciones de poder determinar si el segundo error fué o no cometido.

La teoría del demandante, y la prueba tendió a sostenerla, es que el mejor uso de la parcela expropiada es el agrícola, mientras que los demandados sostienen que lo es, en un futuro cercano, el de lotificación. Nada hay en las conclusiones de hecho del tribunal inferior que indique a qué "factores de valor" son a los que se refiere al concluir que la justa compensación, en relación con "las posibilidades de venta en un mercado abierto de lo expropiado" es la suma de $2,000. No sabemos si su conclusión fué que la cuerda y céntimos de terreno, para fines agrícolas, tenía dicho valor, o si por el contrario tomó en consideración que, en efecto, el mejor uso de dicha parcela en un futuro cercano era el de lotificación. No estamos obligados, bajo estas circunstancias, a examinar las 179 páginas de la transcripción de evidencia para determinar en primera instancia estas cuestiones para entonces poder resolver si el segundo error fué o no cometido.

En innumerables casos hemos llamado la atención a las cortes inferiores de la obligación en que están de dar cumplimiento a la Regla 52(a) de las de Enjuiciamiento Civil. *Ramírez* v. *Corte*, 65 D.P.R. 351; *Meléndez* v. *Metro Taxicabs*, 68 D.P.R. 766; *Varela* v. *Fuentes*, 70 D.P.R. 879; *Pérez* v. *Cruz*, 70 D.P.R. 933; *Ferrer* v. *Varela*, 71 D.P.R. 76; *Cáceres* v. *García*, 71 D.P.R. 406; *Santana* v. *García*, 71 D.P.R. 142; *Matos* v. *Sierra*, 71 D.P.R., 699; *Darder* v. *Bayamón Truck Service*, 72 D.P.R. 77. Si bien en la mayoría de ellos hemos llegado a la conclusión de que la corte a quo dió cumplimiento sustancial a dicha Regla y hemos considerado el recurso en su fondo, en el presente, al igual que en el de *Matos* v. *Sierra*, supra, debemos requerir el cumplimiento estricto de la misma.

*Procede por lo expuesto dejar sin efecto la sentencia y devolver el caso al Tribunal de Expropiaciones para que luego de dar cumplimiento a la Regla 52(a) de las de Enjuiciamiento Civil, dicte la sentencia que a su juicio corresponda.*