ÁNGELA REYES, demandante y recurrida, *v.* ALFREDO MERLO, demandado y recurrente.

*Número:* CE-63-38        *Resuelto:* 28 de octubre de 1964

*Guillermo Bauzá,* y *M. Bauzá Rolón,* abogados del recurrente; *Víctor Alberty Ruiz,* abogado de la recurrida.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Por escritura Núm. 199 otorgada en San Juan el 14 de octubre de 1959 ante el Notario Adolfo García Veve, el demandado recurrente Alfredo Merlo adquirió una finca rústica radicada en el barrio Santa Rosa de Guaynabo compuesta de 1.92 cuerdas, por el precio de $2,000. El comprador Alfredo Merlo compareció en la escritura "casado con doña Ángela Reyes de Merlo." La referida adquisición quedo inscrita en el Registro de la Propiedad.

Por escritura Núm. 83 otorgada en San Juan el 4 de octubre de 1961 ante el Notario Ángel S. Pérez González, compareció Alfredo Merlo, "casado con Doña Angelita Reyes" y vendió a Cruz Mercado y su esposa una propiedad

urbana o solar de 237.50 metros cuadrados en la urbanización Caparra Terrace, con casa de hormigón armado de una sola planta que constituía una vivienda. Se hizo constar en la escritura que los vendedores habían adquirido la propiedad por compra a June Corporation según escritura Núm. 2 otorgada en San Juan el 16 de febrero de 1961, ante el Notario Carlos Roberto Jiménez, afecta a una hipoteca por $6,000. La venta se hizo por $9,250 de cuya cantidad los vendedores recibieron $3,250 y los compradores retuvieron $6,000 para pagar en su día una hipoteca. Al final de la escritura aparece lo siguiente: "Nota aclaratoria:—En este acto comparece Doña Angelita Reyes, en su carácter de compareciente, quien es mayor de edad, 'casada', de oficios propios del hogar, vecina de Jayuya, Puerto Rico, de todo lo cual yo el Notario vuelvo a dar fe y certifico".

Por escritura Núm. 153 otorgada en San Juan el 6 de noviembre de 1961 ante el Notario A. Vázquez Tébar, comparecieron la demandante Ángela Reyes haciendo constar que era "soltera", como vendedora, y el demandado Alfredo Merlo haciendo constar también que era "soltero", como comprador, y después de referirse a la escritura 199 de 14 de octubre de 1959 reseñada al principio, manifestaron que en dicho documento "se hicieron aparecer como casados cuando adquirieron la propiedad" allí descrita de 1.92 cuerdas del barrio Santa Rosa de Guaynabo; que lo cierto era que no estaban legalmente casados pero vivían juntos como marido y mujer; que tenían constituida una "Comunidad de Bienes" sobre dicho inmueble perteneciente a ambos por partes iguales y deseando terminar "dicha Comunidad de Bienes" ella, Ángela Reyes vendía y cedía a Alfredo Merlo y éste le compraba todos sus derechos en esa propiedad por el precio de $1,000, cantidad ésta que Ángela Reyes confesó haber recibido antes del acto notarial de manos de Merlo, por lo cual le otorgaba carta de pago.

El 30 de noviembre de 1961 Ángela Reyes interpuso demanda en la Sala de Río Piedras del Tribunal de Distrito contra Alfredo Merlo. Le reclamó la suma de $1,000 por concepto de la cesión de acciones y derechos consignada en la escritura 153 de 6 de noviembre de 1961 a la cual hemos hecho referencia, alegando que el demandante no le había satisfecho dicha suma después de inducirla a firmar la referida escritura y a confesar que la había recibido con anterioridad al otorgamiento. Reclamó en segundo lugar la cantidad de $1,500 que alegó le correspondía en la de $3,250 recibida por Merlo por la venta de la propiedad de Caparra Terrace, según la escritura 83 de 4 de octubre de 1961.

El demandado alegó, primero por moción separada y luego al contestar, que la demandante carecía de una causa de acción legítima en derecho para reclamar. Adujo que durante todo el tiempo en que tuvieron lugar esas transacciones él, Merlo, era casado con otra persona.

En los méritos la Sala de Distrito concluyó que Ángela Reyes había vivido durante los últimos 15 años con Alfredo Merlo y crearon una "sociedad de intereses". Que ella había puesto $5,000 de sus economías en manos de Merlo para ser usado ese dinero en propiedades que habrían de ser para los dos y que con el dinero de los dos compraron las propiedades descritas. Que la demandante admitió que ella sabía que el demandado era casado con otra persona. Como cuestión de derecho concluyó la Sala de primera instancia en su sentencia, que la demandante y el demandado habían creado una "sociedad de intereses" y que habiendo aportado ambos dinero para la adquisición de las propiedades procedía sostener la reclamación de la demandante. Dictó sentencia condenando a Merlo a satisfacer las cantidades reclamadas de $1,500, parte de la demandante en la venta de un inmueble, y $1,000 su interés en el otro.

En apelación, se imputó error a la Sala de Distrito el negarse a desestimar la defensa de falta de causa de acción

y también por haber admitido prueba sobre el contenido de la escritura Núm. 153. La Sala de San Juan del Tribunal Superior se manifestó así:

"En cuanto al primer error no se trata en la acción de una liquidación de sociedad de gananciales entre una mujer soltera y un hombre casado.(*) Se trata de una reclamación de una suma que expresamente se reconoce pertenece a la demandante en la escritura otorgada ante el Notario Ángel S. Pérez y de otra suma reconocida por cesión de los derechos y acciones que la demandante ya tiene y le reconoce, el demandado en la escritura otorgada ante el Notario A. Vázquez Tébar".

La sentencia de la Sala de Distrito fue confirmada.

El problema ante nos es la misma cuestión de derecho sobre la existencia o no de una causa de acción a favor de la demandante a la luz de los hechos expuestos. Dispone el Art. 1295 del Código Civil—(Ed. 1930)—que mediante la sociedad de gananciales el marido y la mujer harán suyos por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el mismo matrimonio; y el 1296, que la sociedad de gananciales empieza precisamente en el día de la celebración del matrimonio. Dispone el 1301 que son gananciales los bienes adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos; y que son también gananciales *"los obtenidos por la industria, sueldo, o trabajo de los cónyuges, o de cualquiera de ellos"* así como los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedente de los bienes comunes o de los *peculiares* de cada uno de los cónyuges. Todos los bienes del matrimonio se reputan gananciales mientras no se pruebe que pertenecen privativamente al marido o a la mujer,—Art. 1307—, y el marido, no obstante ser el administrador de la sociedad conyugal, no puede . . . enajenar y obligar a título

---

(*) Era imposible que hubiera tal sociedad de gananciales.

oneroso los bienes inmuebles de la sociedad ganancial sin consentimiento expreso de la mujer, y toda enajenación o convenio en contrario o en fraude de la mujer es nulo y no la perjudica a ella ni a sus herederos, según rezan los Arts. 1313 y 91. Esta sociedad concluye solo al disolverse el matrimonio o al ser éste declarado nulo, según el Art. 1315.

■ La adquisición que hizo Merlo de la finca rústica de 1.92 cuerdas en el barrio Santa Rosa así como la adquisición de la urbana sita en la urbanización Caparra Terrace son gananciales o por lo menos hay que tenerlas como gananciales en ausencia de prueba en contrario. El concepto de la "comunidad de bienes" entre la demandante Ángela Reyes y Alfredo Merlo como tal individuo en que se basó la demanda, así como el concepto de la "sociedad de intereses" en que se basó la sentencia de la Sala de Distrito,—implícito también en el fallo de la Superior,—al declarar con lugar la demanda, son extraños a nuestro ordenamiento civil y claramente incompatibles con los artículos del Código mencionados. Este caso no se rige, ni puede gobernarse, por las normas sentadas en *Danz* v. *Suau*, 82 D.P.R. 609 (1961) ; *Pereles* v. *Martinó*, 73 D.P.R. 848 (1952) ; *Pérez* v. *Cruz*, 70 D.P.R. 933 (1950), ni *Torres* v. *Roldán*, 67 D.P.R. 367 (1947).

■ Excepto cuando trafica con sus bienes privativos o cuando la procedencia es privativa, con relación a bienes reputados gananciales no halla acomodo en nuestra norma jurídica una "comunidad de bienes" o una "sociedad de intereses" constituida entre uno de los cónyuges como tal y un extraño a la sociedad, aunque se trate de bienes adquiridos mediante la industria o trabajo personal, y aunque exista con ese extraño la relación típica de un concubinato. (¹)

---

(¹) Aun en aquellos países en que ya existe legislación positiva más avanzada ordenando jurídicamente la relación concubinaria o la unión libre y dándole efectos en ley entre los concubinos y éstos y terceros, se ha partido de una relación de concubinato entre dos personas libres, en que ninguno de los concubinos es casado. En ese mismo supuesto de concubinos solteros se basó la Ley nuestra de 12 de marzo de 1903 que definió el matri-

■ Lo anteriormente expuesto no impide que se desarrolle una comunidad de bienes o cualquier otra figura jurídica respecto a bienes entre *la sociedad de gananciales como tal* y un tercero. Si para la adquisición de estas propiedades gananciales la demandante aportó dinero suyo, ella podría tener un crédito o reclamación personal contra la sociedad. No puede decirse, por lo tanto, que ella carece en absoluto de una causa de acción bajo todo concepto en que pueda reclamar. En tal caso Merlo debería considerarse demandado como parte de la sociedad conyugal, como su administrador y representante legal que es. Arts. 91, 93, 1312, Código Civil. Dada la conducta de Merlo en el récord, compareciendo ante notario como casado con la demandante; vendiendo propiedad ganancial sin el consentimiento de su esposa sin que se sepa hasta qué punto dicha enajenación pudo perjudicarla; reconociendo a su concubina en escritura pública un interés y derecho en propiedad ganancial haciéndose ahora aparecer como soltero, es incuestionable que puede haber conflicto de interés entre Merlo y su esposa dentro de la sociedad conyugal en sí. Si bien él es el representante legal según el Art. 93, el propio artículo reconoce el derecho de la mujer a comparecer en juicio en defensa de sus intereses.

A tenor de lo expuesto, en derecho no se puede confirmar el fallo de la Sala sentenciadora. Procede que quede sin efecto la sentencia dictada por la Sala de Distrito, se dirija la reclamación contra la sociedad de gananciales de Merlo y su esposa, y la demandante traiga al pleito a la esposa de Merlo como parte indispensable que resulta ser dadas las circunstancias expuestas, de manera que ésta sea oída y se defienda de la reclamación y de estas incursiones contra la sociedad conyugal y vencida en juicio.

---

monio natural y le dio consecuencias jurídicas, derogada luego por la de 7 de mayo de 1906; así como la proyectada legislación de 1943 aprobada en la Cámara a que hace referencia Don Luis Muñoz Morales, que no se convirtió en ley en ese entonces, creando consecuencias jurídicas de la relación concubinaria.

*Se revocará la sentencia dictada en apelación por la Sala de San Juan del Tribunal Superior y se le devuelve el caso con instrucciones de que dicte otra dejando sin efecto la de la Sala de Distrito y envíe el expediente a dicha Sala para procedimientos ulteriores compatibles con lo aquí dispuesto.*

