RAFAEL MELÉNDEZ ARROYO, demandante y apelado *v.* METRO TAXICABS, INC., y GREAT AMERICAN INDEMNITY Co., demandadas y apelantes.

Núm. 9688.—*Sometido:* Mayo 3, 1948. *Resuelto:* Mayo 17, 1948.

R. *Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados de los apelantes; *J. Giménez Aguayo,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El demandante fué arrollado por un taxímetro manejado por un empleado de la codemandada, Metro Taxicabs, Inc. Solicitaba en su demanda las sumas de $10,000 por lesiones físicas recibidas, $8,000 por sufrimientos físicos y angustias mentales, y $650 por salario dejado de percibir. Después de un juicio en los méritos, la corte de distrito dictó sentencia a favor del demandante por $650 por salario no percibido y $6,000 "por las lesiones, dolores físicos y angustias sufridos." El caso se encuentra ante nos en apelación contra dicha sentencia.

El primer señalamiento es que la corte inferior cometió error al no cumplir con la Regla 52(a) de las Reglas de Enjuiciamiento Civil que dispone en parte que "En todos los casos la corte expondrá los hechos que estime probados y separadamente consignará sus conclusiones de derecho y ordenará que se anote la sentencia correspondiente . . . ".

La corte de distrito dió el nombre de "Relación del Caso y Opinión" a sus conclusiones. Según admiten las apelantes, esta designación no es decisiva, siempre y cuando se dé cumplimiento a la Regla 52(a). Sin embargo, se quejan de que en sus conclusiones la corte inferior (1) no especificó qué porción de los daños fué concedida por lesiones físicas y qué porción fué concedida por angustias mentales, (2) no justificó mediante hechos probados por qué concedían una suma tan elevada, y (3) no hizo determinación alguna sobre la incapacidad del demandante.

La "Relación del Caso y Opinión" reza en parte como sigue:

"Por el testimonio del Dr. José V. Alonso, quien asistió al demandante en la Clínica San José el día del accidente, el Tribunal estimó debidamente probado que éste sufrió una fractura compuesta en la pierna derecha, tercio inferior, que hubo necesidad de tres operaciones para su debido tratamiento, y que estuvo desde el día 3 de septiembre de 1946, hasta el día del juicio, 2 de septiembre de 1947—un año—recluído en dicha clínica. Se probó además que el demandante era un empleado, auxiliar de carpintero y albañil, en la Estación Naval, donde ganaba $18 semanales, siendo un empleado permanente, y que como consecuencia del accidente tuvo que renunciar su empleo.

"No hay duda de que la lesión sufrida por el demandante fué seria, a tal extremo que fué objeto de tres operaciones . . .

"Por los motivos anteriormente expuestos, el Tribunal llega a la conclusión que debe declarar, como por la presente declara, con lugar la demanda, concediendo al demandante la suma de $650 por concepto de salarios que ha dejado de percibir, y la suma de $6,000, por las lesiones, dolores físicos y angustias sufridos.

"No hay que perder de vista las tres operaciones a que fué sometido el demandante, el tiempo que lleva recluído en la clínica —un año se cumplió el día de la vista—y aún permanece recluído. El testimonio del Dr. Alonso fué al efecto de que todavía el demandante no podía caminar normalmente, aunque se le había recomendado ejercicio y uso de sus piernas en lo que fuera posible, ayudado de las muletas."

No estamos de acuerdo en que la corte de distrito no expuso los hechos que encontró probados para justificar una concesión tan "elevada". La opinión de la corte inferior expone en detalle los hechos en que la corte de distrito basó su sentencia. Y, como más adelante se verá, no la encontramos excesiva.

La corte inferior no indicó separadamente las cantidades que concedía por lesiones físicas y angustias mentales, respectivamente. Tampoco indicó expresamente su opinión en cuanto a la incapacidad. Estrictamente hablando, la corte de distrito en consecuencia no cumplió con la Regla 52(a). Véase *Interstate Circuit* v. *U. S.,* 304 U. S. 55.

Sería de considerable ayuda para nosotros si las cortes de distrito siguieran el método contemplado por las Reglas y empleado en las cortes federales de exponer por separado cada hecho probado y cada conclusión de derecho. Esto es particularmente cierto cuando, como en este caso, se reclaman dos partidas separadas de daños—lesiones físicas y angustias mentales. Véase *Díaz* v. *Cancel,* 61 D.P.R. 888, 898-.99. Pero ello no quiere decir que en cada caso en que no se cumpla con este requisito, procede revocar automáticamente la sentencia. *Goodacre* v. *Panagopoulos,* 110 F.2d 716 (C.C.A., D. C., 1940).

Las circunstancias de algún otro caso podrían obligarnos a revocar la sentencia por no haberse cumplido con la Regla 52(a). Pero los daños aquí concedidos son claramente razonables. Por tanto, no llegaríamos a fin práctico alguno si revocáramos una sentencia que no es irrazonable en su importe total, meramente para ordenar a la corte de distrito que nos proporcione una sentencia fragmentada. Según indica la corte en el caso de *Goodacre,* a la pág 718, la Regla 52(a) tiene por miras, entre otros fines, ayudar a las cortes de apelación proporcionándoles una clara comprensión de la base en que descansa la decisión apelada. Cuando se ob-

tiene esta clara comprensión, la sentencia puede subsistir aun cuando se haya infringido la Regla.

■ Sin embargo, si bien en este caso específico, no revocamos la sentencia apelada por haberse dejado de cumplir con la Regla 52(a), creemos propio indicarle a las cortes de distrito que esta Regla les exige que abandonen su antigua práctica de redactar una "Relación del Caso y Opinión" en la cual en forma narrativa continua se exponen la síntesis de la prueba, el razonamiento de la corte, los hechos probados y las conclusiones de derecho. La Regla 52(a) contempla una declaración separada en un párrafo aparte de cada hecho intermedio y definitivo (*underlying and ultimate*) que la corte declare probado, y no una síntesis de la prueba aducida para establecer estos hechos. A esta declaración de hechos probados debe seguir una declaración separada en párrafo aparte de cada conclusión de derecho. Finalmente, si bien la Regla 52(a) no lo exige, si la corte de distrito así lo desea, puede exponer en una opinión su razonamiento demostrativo de que la aplicación de sus conclusiones de derecho a los hechos probados hace imperativo dictar determinada sentencia. Todo esto es práctica corriente en las cortes federales bajo la Regla Federal 52(a) que, en cuanto a lo que ahora consideramos, es sustancialmente igual a la nuestra. Véanse *Woodruff* v. *Heiser*, 150 F.2d 869, 871 (C.C.A. 10, 1945); *Woodruff* v. *Heiser*, 150 F.2d 873, 875 (C.C.A. 10, 1945); *United States* v. *Forness*, 125 F.2d 928, 942-43 (C.C.A. 2, 1942); *Commentary, Form and Scope of Findings of Fact, 5 Fed. Rules Serv.* 839.

■ El segundo señalamiento es que la sentencia de $6,000 por daños es excesiva. No aceptamos la invitación de las apelantes de que comparemos esta concesión con los daños concedidos en otros casos resueltos por este Tribunal. Sería una labor fútil. En primer lugar, en algunos de estos casos se confirmaron las sentencias de las cortes de distrito. Es obvio que estas confirmaciones no indican nuestro pro-

pio criterio sobre las cantidades concedidas. Dichos casos sencillamente resolvieron que las cortes inferiores, que vieron declarar a los testigos y apreciaron la prueba, no abusaron de su discreción. En segundo lugar, en cuanto a los casos en que este Tribunal fijó el importe de los daños concedidos, cada caso de daños y perjuicios oscila sobre sus propios hechos. Aun en los casos que a primera vista parecen iguales, existen hechos distintos que exigen resultados diferentes. Por consiguiente no se llegaría a fin práctico alguno si nos enfrascamos en una extensa discusión de las concesiones de otros casos al compararse con la sentencia del presente.

De igual forma creemos que es infructuoso comparar esta concesión con la Tabla de Compensación de los casos de compensaciones a obreros. Las consideraciones envueltas en el sistema de compensación a obreros, incluyendo los propósitos de tal compensación, el concepto de responsabilidad independientemente de la negligencia, y la solvencia del fondo del seguro, hacen que tales cifras sean irrelevantes en relación con nuestro problema.

Las apelantes reconocen que ''la tendencia actual de esta Corte [es] de dar compensaciones más altas que las que se concedían anteriormente.'' *Graniela* v. *Yolande, Inc.*, 65 D.P.R. 107, 113. Esta sentencia es parte de lo que le cuesta a las demandadas operar sus negocios. Otros costos también han sufrido un alza considerable durante los últimos años. Los daños concedidos por lesiones personales deben andar de la mano con estos aumentos si los riesgos de vivir en una sociedad moderna van a distribuirse por igual. Además, para que los daños concedidos vengan a ser verdaderamente reparadores las cortes deben tomar en consideración las condiciones económicas prevalecientes. No podemos decir que la corte de distrito abusara de su discreción al concederle al demandante daños por $6,000 por sus lesiones físicas y angustias mentales.

■ El tercer error trata de la disposición en la senten-
cia concediendo $400 para honorarios de abogado. No en-
contramos base alguna para intervenir con esta actuación
de la corte inferior.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. de Jesús no intervino.