ELADIO SANTANA HERNÁNDEZ y su esposa MARÍA GONZÁLEZ DE SANTANA, demandantes y apelantes, *v.* PEDRO GARCÍA e IMPERIAL GUARANTEE AND ACCIDENT INSURANCE COMPANY, demandados y apelados.

Núm. 9967.—*Sometido:* Enero 19, 1950.  *Resuelto:* Marzo 31, 1950.

*Francisco Hernández Vargas,* abogado de los apelantes; *Wilson P. Colberg,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tribunal de Distrito de San Juan dictó sentencia declarando sin lugar la demanda en este caso por considerar que el accidente que sufrió la codemandante se debió al hecho de haberse ella bajado de una guagua mientras estaba aún en movimiento y sin esperar a que se detuviera en la parada dieciocho de Santurce. La corte inferior no hizo constar en la opinión que emitió para sostener la sentencia las conclusiones de hecho y de derecho a que llegó, limitándose a decir:

"De la evidencia presentada y teniendo en cuenta el crédito que cada uno de los testigos le ha merecido, el Tribunal cree que el accidente ocurrió de la manera relatada por la parte demandada."

Luego citó la jurisprudencia que consideró aplicable.

Los demandantes apelaron y alegan que la corte inferior erró: (1) al no permitirles contrainterrogar al testigo Pedro Ramírez sobre la investigación que del accidente practicó la policía y específicamente al sostener la objeción de los demandados a la pregunta "¿El policía investigó allí algunos testigos?" por no haber sido dicha pregunta objeto del interrogatorio directo; (2) al formar opinión el juez de la corte inferior antes de serle ofrecida toda la prueba del caso y

quedar sometido por las partes y al negarse a dejar sin efecto la vista y señalar el caso nuevamente; (3) al dejar de cumplir con la Regla 52 (a) de las de Enjuiciamiento Civil; y (4) al dictar sentencia declarando sin lugar la demanda.

En cuanto al tercer señalamiento, una vez más tenemos que llamar la atención a la disposición de la Regla 52 (a) al efecto de que "En *todos* los casos la corte expondrá los hechos que estime probados y separadamente consignará sus conclusiones de derecho . . ." (bastardillas nuestras) y a lo que hemos dicho en los casos de *Meléndez* v. *Metro Taxicabs*, 68 D.P.R. 766, 769; *Varela* v. *Fuentes*, 70 D.P.R. 879; *Pérez* v. *Cruz*, 70 D.P.R. 933 y *Ferrer* v. *Varela*, ante pág. 76, en cuanto a que debe darse cumplimiento a dicha disposición con el fin de poner a esta Corte en condiciones de poder determinar si dichas conclusiones están justificadas o no por la prueba.[1]

Decir en una opinión, como se hizo en el presente caso, que por "la evidencia presentada y teniendo en cuenta el crédito que cada uno de los testigos le ha merecido, el Tribunal cree que el accidente ocurrió de la manera relatada por la parte demandada", si bien no cumple con los requisitos de la Regla 52 (a), supra, aceptamos que quiere decir que la demandante fué negligente al bajarse de la guagua mientras ésta estaba en movimiento, que fué lo que en cuanto al hecho primordial envuelto, declararon los testigos de los apelados.

Los dos primeros errores pueden resolverse conjuntamente. Se refieren al incidente ocurrido al estar el abogado de los demandantes contrainterrogando al testigo de los demandados Pedro Ramírez, chófer de la guagua. Se inició dicho incidente en esta forma:

[1] Deseamos advertir a las cortes inferiores que en lo sucesivo nos veremos precisados a dejar sin efecto la sentencia cuando no den cumplimiento a la Regla 52 (a), supra. El cumplir con dicha Regla no presenta dificultad alguna. Por el contrario, hace más sencilla y clara la opinión de la corte sentenciadora y facilita nuestra labor apelativa. Los abogados también tienen la obligación de solicitar de las cortes que reconsideren sus sentencias si no han cumplido con dicha Regla.

"P. ¿Usted dijo que un policía de tráfico pasó por allí y usted le informó el caso?

"R. Yo lo llamé para que hiciera la investigación.

"P. ¿Él hizo la investigación?

"R. Sí, señor.

"P. ¿Y qué más hizo él?

"R. Fué conmigo a la Corte Municipal y de allí fuímos, yo en la guagua y él en la motocicleta al hospital."

Continuó desarrollándose y terminó así:

"P. ¿Entonces el policía hizo la investigación allí, en el sitio de los hechos?

"R. Sí, señor.

"P. ¿Ha declarado ese policía en algún sitio?

"Demandado: Me opongo por inmaterial.

"Juez: La corte supone que declaró en la Corte Municipal. *Ninguna de las preguntas que ha hecho han sido objeto del interrogatorio directo y el compañero no puede hacer preguntas a menos que hayan sido objeto del interrogatorio directo.* La única pregunta objeto del interrogatorio directo es a dónde fueron ustedes.

"Demandante: Como la corte supone que el policía fué a declarar en la Corte Municipal. . .

"Juez: Además, yo me imagino eso y si declaró debió haber sido de referencia.

". . . . . . . .

"P. ¿El policía investigó allí algunos testigos?

"Demandado: Eso no fué objeto del interrogatorio directo.

"Juez: No fué objeto del directo. *La única pregunta que se hizo sobre el policía en el directo, fué a dónde fueron.* Vamos a oír lo que dijo el policía.

"Demandante: No es lo que dijo el policía. Nosotros nos referimos a que el testigo declaró que pasó un policía y que él lo llamó sobre el caso.

"Juez: Es que estamos llenando el récord de preguntas que no vienen al caso. Son preguntas que a mí no me van a dar ninguna luz. *Es más, yo creo que con las preguntas que se han hecho yo tengo suficiente para resolver el caso.*

"Demandante: Entonces, ¿dice V. H. que a estas alturas puede resolver el caso con la prueba que tiene?

"Juez: *De la parte demandante tengo toda la prueba* y de la demandada tengo cinco testigos. Tengo suficiente para resolver el caso.

"Demandante: Entonces, nada más, señor Juez.

"Demandado: Ahora, que no se entienda que la Corte lo está privando de repreguntarle.

"Juez: Lo que la Corte ha dicho es que con la prueba que tiene ante sí, puede resolver el caso ahora, eso no implica que el compañero no tenga el derecho de hacer todas las preguntas *que en evidencia pueda hacer.*

"Demandante: Nosotros entendemos por las palabras que están en el récord que el Juez podía resolver este caso con la prueba que había y que no necesitaba ninguna otra prueba para resolver este caso. Si eso lo dijo V. H. está en el récord. Si no lo dijo este abogado tiene mala memoria. Ahora, quiero decir también, que este incidente ha surgido por una oposición del abogado de los demandados sostenida por la corte. Nosotros sostenemos que tenemos derecho a hacer una pregunta sobre la investigación que hizo el policía.

"Juez: La corte se reafirma en sus manifestaciones que con la prueba que tiene ante sí, *puede resolver este caso.* Ahora eso no quiere decir que no pueda el compañero hacer la repregunta que quiera. Ahora, con la prueba que tiene ante sí *la Corte puede resolver este caso. La Corte vuelve y lo reafirma.*

"Demandante: ¿Entonces la Corte no necesita más prueba?

"Juez: Eso es cuestión del compañero. Si en este momento someten el caso la Corte puede resolver este caso. Eso no le quita al compañero traer todos los testigos que quiera pero no llenemos el récord de preguntas que son innecesarias.

"Demandante: Nada más.

"Demandado: Nada, señor Juez.

"Juez: Puede retirarse el testigo.

"Demandado: Ese es nuestro caso, señor Juez.

"Juez: ¿Hay prueba de *rebuttal?*

"Demandante: Nosotros vamos a solicitar en este momento que se deje sin efecto la vista de este caso por entender que las manifestaciones de la Corte que han sido objeto del último incidente discutido demuestran que el Hon. Juez tenía una mente hecha sobre los resultados de este caso antes de este caso estar sometido a V. H. y por esas razones esa actitud de V. H. interrumpió decididamente el ofrecimiento de la prueba de la parte demandada y la posible prueba de esta parte demandante en

*rebuttal.* Y por esas razones este abogado entiende que lo que procede es dejarse sin efecto la vista y que este caso se incluya en el Calendario General correspondiente para vista nuevamente.

"Demandado: Esta parte se opone porque entiende que la Corte no ha incurrido en ningún error y la Corte ha manifestado varias veces que a pesar de que la Corte ha dicho que con la prueba que tiene puede resolver el caso, le ha dicho a la parte que eso no quiere decir que no pueda presentar toda la evidencia que quiera. Es más, la Ley de Evidencia dice, exactamente, lo que V. H. ha dicho aquí. Es más, la Corte puede limitar el número de testigos.

"Juez: La Corte va a declarar sin lugar la moción.

"...

"Demandado: Yo quiero aclarar algo porque el compañero hizo una imputación que puede afectar a V. H. El compañero ha dicho que tiene opinión formada.

"Juez: Esa es la opinión del compañero. Lo que esta Corte ha dicho es que con los hechos presentados ante ella, puede resolver. *Ahora de que tenga opinión formada, no tengo opinión formada.*

"Demandante: Señor Juez: El compañero está en estos momentos tratando de corregir el error que se ha cometido en este caso, según nuestra alegación, que podemos estar equivocados o no. El compañero ha dicho que V. H. le ha dado oportunidad a esta parte de presentar su prueba y continuar haciendo preguntas. Ahora el compañero levanta la cuestión de que yo he hecho una imputación a V. H. porque dije que V. H. tenía una mente hecha. Esas cuestiones van a aparecer del récord: Si el récord determina eso nosotros nos sometemos a eso, pero nos parece que no es el compañero quien debe curarse en salud.

"Juez: Las manifestaciones de la Corte constan en récord. Las manifestaciones que ha hecho la Corte no las puede curar ningún abogado. Las manifestaciones de la Corte están en el récord así como las manifestaciones del compañero y del otro compañero. Ahora, la Corte quisiera hacerle saber al compañero *que está dispuesta a oír cualquier evidencia que desee presentar.* Y vuelve y se reafirma que *con la evidencia que tiene ante sí puede resolver este caso. Ahora la Corte nunca ha dicho que tenía opinión formada. ...*" (Bastardillas nuestras.)

148

En primer término diremos que la corte erró al afirmar que ninguna de las preguntas que hacía el abogado de los apelantes había sido objeto del interrogatorio directo. Declarando el mismo testigo en cuanto a lo que hizo después del accidente, dijo: "Y en ese momento pasaba un policía y yo lo llamé para que hiciera la investigación." Y se le preguntó: "¿Pasaba un policía cómo?" A lo que contestó: "En una motocicleta y yo lo llamé para que hiciera la investigación del caso y el policía me dijo . . ." Luego repitió lo mismo en el contrainterrogatorio. Estaba en el récord que el testigo llamó al policía para que realizara la investigación. Era admisible, por tanto, la repregunta "¿El policía investigó allí algunos testigos?" Los apelantes tenían derecho, de acuerdo con el artículo 517 del Código de Enjuiciamiento Civil (artículo 155 de la Ley de Evidencia), a indagar en qué consistió la investigación que se practicó por el policía inmediatamente después de ocurrido el accidente y qué testigos declararon, si alguno, ante el policía. No para que éste relatara lo que dichos testigos le dijeron, pues esa prueba hubiera sido de referencia, sino para entre otros fines, poder utilizarlos como prueba de *rebuttal* si deseaban los apelantes.

Esto en cuanto a la admisibilidad de la pregunta en sí. En cuanto a las frases de la corte "yo creo que con las preguntas que se han hecho yo tengo suficiente para resolver el caso", "tengo suficiente [prueba] para resolver el caso", ratificadas varias veces, las consideramos, bajo las circunstancias concurrentes, inoportunas. Es cierto que bajo el artículo 513 del Código de Enjuiciamiento Civil (artículo 151 de la Ley de Evidencia) (²) las cortes tienen amplia

---

(²) El artículo 513 del Código de Enjuiciamiento Civil dispone:
"El tribunal ejercerá razonable intervención en el modo de hacerse las preguntas, a fin de que resulten en lo posible tan rápidas, claras y poco enojosas para el testigo, como eficaces para la extracción de la verdad; pero dentro de esta regla las partes podrán hacer las preguntas pertinentes y legales que juzgaren oportunas. El tribunal, no obstante, podrá suspender la presentación de nueva evidencia respecto a determinado punto, cuando la evidencia ya presentada fuere tan completa que no diere lugar a duda."

discreción para dirigir la forma en que habrá de presentarse la prueba en el juicio y suspender la presentación de nueva evidencia que considere innecesaria para probar determinado punto. Empero, el mismo artículo dispone que "dentro de esta regla las partes podrán hacer las preguntas pertinentes y legales que juzgaren oportunas" y la pregunta que dió lugar al incidente, como hemos dicho, era claramente admisible. No debió la corte, por tanto, afirmar que "tenía suficiente [prueba] para resolver el caso" si los apelantes no habían terminado su contrainterrogatorio y tenían el derecho de presentar prueba de *rebuttal*.

■■ Ahora bien, consideramos que si bien el error fué cometido, el mismo no conlleva la revocación de la sentencia. La corte inferior en repetidas ocasiones instó a los demandantes a presentar cualquier otra prueba que tuvieren y afirmó que no tenía opinión formada. No estaban justificados los demandantes en rehusar continuar el contrainterrogatorio del testigo porque no se hubiera admitido por la corte una pregunta aislada y tampoco a no presentar prueba de *rebuttal* si la tenían. Si en la investigación que practicó el policía, después de ocurrir el accidente, declararon algunos testigos, es un hecho del cual los demandantes pudieron enterarse antes del juicio y, a través de los remedios que les conceden las Reglas de Enjuiciamiento Civil sobre descubrimiento de pruebas, interrogatorios, etc., estar preparados para presentar dicha prueba en la vista del caso. No podemos aceptar que la virtualidad de la causa de acción de los demandantes dependía exclusivamente de la contestación que a la pregunta, no admitida erróneamente por la corte, pudiera haber dado el testigo. Tampoco estamos convencidos de que el incidente demuestre que la corte inferior actuó movida por pasión, prejuicio o parcialidad. Más bien refleja deseo de acelerar el juicio al hacer constar que con la prueba presentada podía resolver el caso.

El último error va dirigido a la apreciación que de la prueba hizo la corte sentenciadora. Hemos leído detenidamente las declaraciones de los testigos de ambas partes y, la prueba de los demandados, creída por la corte es suficiente para sostener la sentencia, *la cual debe ser confirmada.*