SIMÓN CÁCERES ET AL., demandantes y apelados, *v.* JOSÉ GARCÍA DONES, demandado y apelante.

Núm. 10033.—*Sometido:* Mayo 1, 1950. *Resuelto:* Mayo 15, 1950.

*Emilio Santana Díaz,* abogado del apelante; *Ramón Cancio* y *Joaquín Gallart Mendía,* abogados del Departamento del Trabajo y a su vez de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ocho obreros radicaron ante el Tribunal de Distrito de San Juan una querella en reclamación de salarios contra José García Dones, de conformidad con lo provisto en la Ley núm. 10 de 1917 (Vol. II, pág. 217), según la misma fué

enmendada, y en la núm. 84 de 12 de mayo de 1943 (pág. 197). Alegaron haber sido despedidos por éste sin justa causa y reclamaron se les pagara el sueldo correspondiente a un mes. El demandado contestó negando que el despido hubiera sido sin justa causa y alegando en contrario que los querellantes se dedicaban dentro de la panadería a jugar barajas y dados continuamente y que el día 22 de agosto de 1948 mojaron un saco de harina, la dejaron sin elaborar y se fueron del trabajo sin motivo alguno para ello, por lo cual él se vió obligado a cerrar su establecimiento por un período de tres días, ocasionándole esto serias pérdidas en su negocio. Visto el caso en sus méritos el tribunal inferior dictó sentencia declarando con lugar la querella en cuanto a seis de los ocho obreros. Al siguiente día de notificada la misma los querellantes presentaron una moción solicitando se reconsiderara la sentencia, toda vez que en ésta no se había hecho disposición alguna respecto a la reclamación de Felipe González Soto.(¹) Dos días después de notificada esa moción al demandado, éste apeló para ante nos de la sentencia así dictada. Con posterioridad a la apelación el tribunal a quo, no obstante la oposición del demandado—fundado en que el tribunal carecía de jurisdicción para enmendar su sentencia por haberse ya apelado la misma—dictó nueva sentencia declarando con lugar la querella del referido obrero. De esta segunda sentencia el demandado también apeló.

■■ Para sostener sus dos apelaciones alega el demandado en primer lugar que el tribunal a quo erró al no archivar una opinión escrita fundamentando su sentencia de acuerdo con la ley. Ni en apoyo de la sentencia dictada en primera instancia en relación con los derechos de seis de los ocho obreros reclamantes ni para sostener la dictada en relación

---

(¹) Felipe González Soto era uno de los ocho obreros querellantes. La sentencia tampoco decía nada respecto a la reclamación de José Ramón Ocasio Collazo, mas de los autos surge que no se adujo prueba respecto a la misma y que ese obrero para aquel entonces se hallaba recluído en el Manicomio Insular.

con la moción presentada por éstos a nombre de Felipe González Soto, emitió el Tribunal de Distrito opinión alguna. Tanto en la primera como en la segunda ocasión dictó tan sólo sendas sentencias. Las Reglas de Enjuiciamiento Civil por disposición expresa del estatuto ([2]) son aplicables a procedimientos de esta naturaleza, y si bien es cierto que en armonía con lo dispuesto en la Regla 52 (a), "En todos los casos la corte expondrá los hechos que estime probados y separadamente consignará sus conclusiones de derecho y ordenará que se anote la sentencia correspondiente", opinamos que ha habido un cumplimiento substancial con la misma. En la primera sentencia dictada se hizo constar que "La prueba de los obreros es clara en el sentido que intentaron agremiarse, consiguieron un aumento de sueldo y después de conseguido el aumento el patrono no estuvo conforme en pagarles". En la segunda, luego de hacer referencia a la primera sentencia dictada, dice el tribunal que "Parece que por la coincidencia de nombres entre dos querellantes no se incluyó en dicha sentencia al obrero Felipe González Soto, quien fué también despedido con el resto de los obreros y por la misma causa". En verdad, apenas se lograría nada con revocar dicha sentencia y con devolver el recurso al tribunal de origen para que éste haga constar los hechos que estime probados y separadamente sus conclusiones de derecho. No obstante, una vez más llamamos la atención a las cortes de distrito respecto a la necesidad de dar cumplimiento estricto a lo provisto por esa regla. Repetimos, en su consecuencia, lo dicho en *Meléndez* v. *Metro Taxicabs*, 68 D.P.R. 766, 769, a saber:

"Sería de considerable ayuda para nosotros si las cortes de distrito siguieran el método contemplado por las Reglas y empleado en las cortes federales de exponer por separado cada hecho probado y cada conclusión de derecho."

---

([2]) Véase la sección 2 de la Ley núm. 10 de 1917, según fué enmendada por la núm. 182 de 12 de mayo de 1948 (pág. 471).

Véanse también *Ramírez* v. *Corte*, 65 D.P.R. 351; *Varela* v. *Fuentes* y *Pérez* v. *Cruz*, 70 D.P.R. págs. 879 y 933, respectivamente.

■ En segundo lugar imputa el demandado al tribunal inferior el haber dictado sentencia a favor del obrero Felipe González Soto después de haberse apelado el caso. Cierto es que con posterioridad a la radicación del escrito de apelación la corte conoció (*entertained*) de un escrito titulado "Moción en Reconsideración de Sentencia". No obstante, tal escrito no tenía el alcance de una moción de reconsideración pues, estrictamente hablando, en él sólo se solicitaba de la corte que al igual que lo había hecho en los casos de otros seis de los ocho obreros dictara sentencia en favor de Felipe González Soto, que era uno de los reclamantes y en apoyo de cuya reclamación se había aducido prueba similar a la ofrecida en todos los demás casos. No se trataba en realidad de un caso en que varias acciones se acumularon y perdieron por ello su individualidad. Por el contrario, en el recurso que nos ocupa, ocho obreros que habían trabajado para el demandado y que sostenían haber sido despedidos sin justa causa se unieron en una sola querella, según permite la ley[3] y conjuntamente hicieron su reclamación ante el tribunal inferior. Por ese solo hecho la acción independiente de cada uno de ellos no perdió su separabilidad. Fué indudablemente su propósito, al unir sus reclamaciones en una sola querella, que el caso resultara más económico y más expedito, especialmente cuando la prueba en relación con cada una de las reclamaciones era más o menos idéntica a la que habría de aducirse en las demás. Hubo, por ende, una acumulación para los efectos de la querella y del juicio a celebrarse, mas no así para los efectos de las sentencias que habrían de dictarse. *Cf. Ayala* v. *Martell*, 65 D.P.R. 114. La corte estaba obligada a dictar sentencia con respecto a la reclamación de cada

---

[3] Ley 10 de 1917, supra, según fué enmendada por la núm. 17 de 11 de abril de 1945 (pág. 45) y Regla 20 (*a*).

uno de los querellantes. El hecho de que en la original dictada se refiriera tan sólo a seis de los ocho querellantes y de que el demandado apelara de esa sentencia, no privó al tribunal de jurisdicción para dictar nueva sentencia en relación con el caso de uno de los obreros reclamantes, no incluído en la sentencia original. La corte estaba en la obligación de resolver el caso de éste y así lo hizo. (4)

■ La apreciación de la prueba hecha por el tribunal a quo es objeto del tercer error señalado. Aunque a nuestro juicio las sentencias están sostenidas por la prueba, a los fines de una mayor claridad haremos un resumen de la ofrecida. La prueba de los querellantes tendió a demostrar que a cada uno de ellos se le pagaba una cantidad específica por bulto de harina trabajado; que diariamente se elaboraban de nueve a doce bultos y que de ordinario cada obrero trabajaba una semana cuatro días y otra semana tres días. También, que poco antes de su despido se habían unionado y que de acuerdo con el decreto aplicable a las tahonas a ellos se les debía pagar a razón de $4 por día de ocho horas; que el patrono insistía en que estaba perdiendo dinero y sólo podía pagarles $3.50; y que al alegar ellos que tenían derecho al salario mínimo fijado en el decreto el demandado les insultó y les dijo que se largaran. La del demandado, consistente en su propio testimonio, en el de su hijo y en el de tres de sus parroquianos, fué al efecto de que los querellantes continuamente se dedicaban a jugar dados dentro de la panadería; que con tal motivo había habido escándalos y que los obreros abandonaron voluntariamente su trabajo.

El tribunal inferior tuvo ante su consideración toda la prueba ofrecídale y cual era su deber dirimió el conflicto. Dió crédito a la prueba de los querellantes. No así a la del demandado, y en cuanto a las sumas a ser pagadas por éste,

---

(4) Lo resuelto en *Guilhon & Barthelemy* v. *Corte,* 64 D.P.R. 303, no es de aplicación al presente caso. En él resolvimos que "la apelación contra una sentencia o resolución despoja de su jurisdicción a la corte inferior para considerar una moción de reconsideración de las mismas".

sacó el promedio de lo que según los obreros ellos ganaban semanalmente y calculó lo que les correspondería en un mes. No creemos que en ello cometiera error. Su conclusión, repetimos, está sostenida por la prueba.

*Deben confirmarse las sentencias apeladas.*