ANTONIO DARDER, demandante y apelado, *v.* BAYAMÓN TRUCK SERVICE, demandada y apelante.

Núm. 10182.—*Sometido:* Diciembre 5, 1950. *Resuelto:* Enero 29, 1951.

*Francis & Ydrach,* abogados de la apelante; *Roberto Martínez Rodríguez* y *Ángel G. Ávila,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Se trata de una acción de daños y perjuicios en la que la corte inferior dictó sentencia el 4 de mayo de 1949 declarando con lugar la demanda y condenando a la parte demandada a pagar ciertas sumas por tratamiento médico, daños personales, daños al automóvil del demandante y honorarios de abogado.

■ El único error señalado en esta apelación es el de que la corte inferior no cumplió con la Regla 52(a) al no formular separadamente ni en forma alguna sus conclusiones de hecho y de derecho. Aunque en el alegato de la apelante se solicita que se devuelva el caso a la corte inferior para la celebración de un nuevo juicio, en la vista oral del recurso su abogado admitió que de prosperar la apelación lo procedente era devolver el caso a la corte inferior para que ésta diera cumplimiento a las disposiciones de la Regla ya citada formulando sus conclusiones de hecho y de derecho.

Para la resolución del recurso precisa que examinemos tanto las alegaciones esenciales de la demanda enmendada y de la contestación enmendada, así como las conclusiones de hecho del tribunal inferior.

En la demanda se alegó que el 21 de junio de 1947 como a las 10:30 de la noche, mientras el demandante viajaba por la carretera que conduce de Manatí a Arecibo, en esa dirección, a la salida del puente de Manatí, frente a la Central Monserrate, un *truck* propiedad de la demandada guiado por Rosario Torres Rivera, empleado de ésta en el curso de su empleo, se lanzó sobre el carro del demandante de una manera súbita, sin que éste pudiera evitarlo, resultando el demandante con lesiones en distintas partes del cuerpo y su carro destrozado; que dicho accidente se produjo debido a la velocidad excesiva a que corría dicho truck en dirección opuesta, y a que en ningún momento cambió sus luces. La demandada, además de negar los hechos esenciales de la demanda, interpuso varias defensas especiales, entre ellas la

de que el accidente se debió a la negligencia contribuyente del demandante.

La sentencia de la corte inferior contiene el siguiente único párrafo sobre los hechos que consideró probados:

"De acuerdo con la evidencia presentada entendemos que se ha probado debidamente que cuando venía de Manatí hacia Arecibo el demandante, conduciendo su automóvil Ford, en dirección opuesta venía el truck de la demandada y sin apagar luces ni echarse hacia su derecha y fué a dar contra el frente del automóvil del demandante lanzándolo fuera de la carretera. Que a consecuencia del accidente el automóvil sufrió graves daños según se comprueba por las fotografías presentadas en evidencia y el demandante sufrió heridas múltiples en la cara y contusiones en las piernas, según declaró el Dr. Julio Rodríguez Olmo, que necesitaron once días de curas."

La Regla 52(a) ha sido repetidamente examinada por este Tribunal a la luz de las circunstancias de cada caso en particular, según las conclusiones de hecho y de derecho en las sentencias traídas a nuestra consideración. *Ramírez* v. *Corte*, 65 D.P.R. 351; *Meléndez* v. *Metro Taxicabs*, 68 D.P.R. 766; *Varela* v. *Fuentes*, 70 D.P.R. 879; *Pérez* v. *Cruz*, 70 D.P.R. 933; *Ferrer* v. *Varela*, 71 D.P.R. 76; *Santana* v. *García*, 71 D.P.R. 142; *Cáceres* v. *García*, 71 D.P.R. 406 y *Matos* v. *Sierra* (*Per Curiam*), 71 D.P.R. 699.

En el caso de autos, a una demanda de daños y perjuicios por negligencia de la demandada, opone ésta, entre otras, la defensa de negligencia contribuyente del demandante. La corte inferior, aparte de que no hace conclusión alguna de derecho, tampoco hace conclusiones de hecho con relación a la defensa de negligencia contribuyente de la demandada, quien presentó prueba tendente a establecerla. Los hechos constitutivos de negligencia que consideró probados la corte inferior, según sucintamente los expone en su sentencia, o sea que el vehículo de la demandada, sin apagar luces ni echarse hacia su derecha fué a dar contra el frente del automóvil del demandante, lanzándolo fuera de la carretera, no excluye la posibilidad de que el demandante pudiera

haber contribuído con su negligencia al accidente ocurrido. Conclusiones de hecho y de derecho a este respecto no sólo son deseables si que necesarias para que, tanto la parte apelante a los fines de su recurso, como este Tribunal al conocer del mismo en su día, tengan el beneficio de las conclusiones de hecho y de derecho que sobre la controversia suscitada por la defensa de negligencia contribuyente debe hacer un tribunal al resolver un caso de esta naturaleza. *Cf. Kreste* v. *United States*, 158 F.2d 575 (C.C.A. 2, 1946).(¹)

*En estas circunstancias procede dejar sin efecto la sentencia y devolver el caso al tribunal inferior para que por éste se dé cumplimiento a la Regla 52(a) de las de Enjuiciamiento Civil.*

El Juez Asociado Sr. Snyder no intervino.

---

(¹) En dicho caso no se interpreta la 52(*a*) de las Reglas Federales de Enjuiciamiento Civil por no ser éstas aplicables, según la 81(*a*)(1), ,a los procedimientos de almirantazgo; pero la 46½ de las Reglas de Almirantazgo, en tanto requiere que las cortes de primera instancia formulen separadamente sus conclusiones de hecho y de derecho, es idéntica a la 52(*a*) de las Federales de Enjuiciamiento Civil.