Manuel Betances, demandante y apelado, *v.* Autoridad de Transporte y Great American Indemnity Co., demandadas y apelantes.

Núm. 10471.—*Sometido:* Noviembre 9, 1951. *Resuelto:* Marzo 18, 1952.

*R. Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados de las apelantes; *Carlos D. Vázquez* y *Diego Guerrero Noble,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

En esta acción sobre daños y perjuicios los hechos en cuanto a la capacidad del demandante para demandar en representación de la sociedad de gananciales, a cómo ocurrió el accidente y a la negligencia del empleado de la codemandada Antoridad de Transporte que conducía el vehículo que ocasionó los daños a la esposa del demandante, no están en controversia pues fueron aceptados por las demandadas al comenzar el juicio. Se limitó, pues, la controversia a la naturaleza y consecuencia de las lesiones recibidas por la esposa del demandante y a la cuantía de los daños, y resolviéndola, el tribunal a quo, al declarar còn lugar la demanda, dictó sentencia condenando a las demandadas a pagar al demandante la suma de $5,000, más las costas y $350 para honorarios de abogado, quedando limitada la responsabilidad de la Great American Indemnity Co. a la suma de $5,000. No conformes las demandadas apelaron y en este recurso sostienen que el tribunal inferior erró: (1) al condenar a las demandadas a pagar una cantidad indeterminada, pero incluída en los $5,000, por pérdida de tiempo y ganancia dejada de percibir por la esposa del demandante

a pesar de no ser permisible en derecho la admisión de prueba sobre el particular por no haberse alegado ninguna partida de daños especiales en la forma que las mismas deben alegarse, y a pesar de que en el récord no aparece evidencia alguna que permita fijar dichos daños, y (2) al dejar de formular una conclusión de hecho con respecto a qué cantidad había perdido la parte demandante por pérdida de tiempo y de ganancia dejada de percibir por ésta.

Ambos errores están íntimamente relacionados y dispondremos de ellos conjuntamente.

■■ Si bien es cierto que en la demanda no se hizo una alegación específica en cuanto a una partida de daños especiales por pérdida de tiempo y ganancia dejada de percibir, sí se alegó lo siguiente en el párrafo cuarto:

"Que como resultado de las lesiones sufridas, la esposa del demandante *se ha visto obligada a recluirse en cama,* a recibir asistencia médica; *ha tenido que paralizar por completo sus labores,* ha sufrido intensos dolores físicos y angustias mentales; *y quedará incapacitada para toda clase de trabajo,* todo lo cual ha producido daños y perjuicios a la sociedad de gananciales constituída por el demandante y su esposa que se estiman justa y razonablemente en la suma de QUINCE MIL DÓLARES ($15,000)." (Bastardillas nuestras.)

Asimismo el tribunal a quo hizo constar lo siguiente en sus conclusiones de derecho:

"Consideramos que por los sufrimientos físicos y mentales experimentados por la esposa del demandante *así como por la pérdida de tiempo y ganancia dejada de percibir por ésta,* debemos conceder como compensación razonable, la suma de CINCO MIL DÓLARES ($5,000). . . ." (Bastardillas nuestras.)

Consideramos que las alegaciones contenidas en el párrafo cuarto de la demanda, supra, informaron a las demandadas que el demandante no estaba haciendo una reclamación de daños generales por las lesiones sufridas por su esposa sino que en ellas también incluía una reclamación de daños por el tiempo que ella perdió en sus labores por haber que-

dado incapacitada para toda clase de trabajo.(¹) Es cierto que dichas alegaciones no son un modelo de perfección y pudieran ser más específicas, empero no es menos cierto que las demandadas tenían a su alcance los medios que las Reglas de Enjuiciamiento Civil les concedían para solicitar información específica y detallada de los daños alegados, Regla 12(e); para someter interrogatorios, Regla 33; para obtener un examen físico de la esposa del demandante, Regla 35; y que ninguno de esos remedios utilizaron.

Si bien la Regla 9(g) requiere que cuando se reclamen daños especiales sus distintas partidas se alegarán específicamente, ello no implica que una alegación como la contenida en el párrafo cuarto, supra, no pueda considerarse suficiente cuando, como en el presente caso, las demandadas no utilizaron los medios que las propias reglas les concedían para obtener cualquier información adicional que desearan. 2 Moore's *Federal Practice*, sec. 9.08, págs. 1921, 1924; *Brinley* v. *Lewis*, 27 Fed. Supp. 313; *Schlenker* v. *Thorne Neale & Co., Inc.*, 13 Federal Rules Service 12e. 231, caso 6, pág. 130.

Por otra parte tenemos que las demandadas durante el juicio y cuando desfilaba la prueba del demandante relacionada con este particular no objetaron su admisión por el fundamento que ahora en apelación por primera vez exponen. Por el contrario, se limitaron a objetarla porque esa prueba era "especulativa". Bajo estas circunstancias puede considerarse que las demandadas renunciaron a cualquier defecto que pudiese existir en las alegaciones de la demanda y que ésta quedó enmendada para conformarla con dicha prueba. *Stoltz* v. *Converse*, 172 P. 2d. 78; 15 Am. Jur. 750, sec. 306; 757, sec. 315; y Regla 15 (b) de Enjuiciamiento Civil.

---

(¹) La prueba demostró que ella tenía establecido un negocio de trajes en su casa que le producía ingresos de treinta y cinco a cuarenta dólares semanales y que, con motivo del accidente, no pudo continuar con el negocio pues tuvo que guardar cama dos meses.

■ No se cometió el primer error señalado y tampoco el segundo, ya que las apelantes no cumplieron con su obligación de solicitar la reconsideración de la sentencia para que el tribunal a quo cumpliera estrictamente con la Regla 52 (*a*) exponiendo más detalladamente sus conclusiones de hecho. *Santana* v. *García,* 71 D.P.R. 142, 144, escolio (1).

*Debe confirmarse la sentencia.*