ANTONIO DEFENDINI, demandante, apelado y apelante, *v.* SUCESIÓN EUGENIO PÉREZ CLAUDIO, compuesta por FERNANDO, EUGENIO y CARMELO PÉREZ MARTÍN, demandados, apelantes y apelados.

Núm. 10552.—*Sometido:* Abril 3, 1952. *Resuelto:* Mayo 29, 1952.

*Celestino Iriarte* y *F. Fernández Cuyar,* abogados de los apelantes; *Arturo Ortiz Toro,* abogado del apelado.

El Juez Presidente Señor Todd, Jr., emitió la opinión del tribunal.

En los casos de *Meléndez* v. *Metro Taxicabs,* 68 D.P.R. 766; *Varela* v. *Fuentes,* 70 D.P.R. 879; *Ferrer* v. *Varela,* 71 D.P.R. 76; *Santana* v. *García,* 71 D.P.R. 142; *Tesorero* v. *Tribl. de Contribuciones y Kemper,* 71 D.P.R. 298; *Cáceres* v. *García,* 71 D.P.R. 406 y *Darder* v. *Bayamón Truck Service,* 72 D.P.R. 77, reiteradamente hemos llamado la atención de las cortes de distrito hacia el deber que les impone la Regla 52(a) de Enjuiciamiento Civil al dictar sentencia de exponer las conclusiones de hechos que consideren probados y separadamente sus conclusiones de derecho, y que deben abandonar la práctica de redactar una "Relación del Caso y Opinión" o "Relación de Hechos y Opinión". En *Meléndez* v. *Metro Taxicabs,* supra, expusimos claramente la forma en que puede darse cumplimiento satisfactorio a la Regla 52(a).

Esto no obstante, el Tribunal de Distrito de Puerto Rico, Sección de Bayamón, persiste(1) en no dar cumplimiento a la

(1) La misma situación presentan los casos de *Prensa Democrática, Inc.* v. *Rogelio Meléndez Ríos* y *Tomasa Dávila Padró* v. *Amparo Córdova Dávila y otros,* resueltos en el día de hoy.

Regla 52 (*a*) y en continuar resolviendo los casos con una "Relación de Hechos y Opinión" en la cual, no empece la importancia de las cuestiones de hecho y de derecho que puedan surgir, se limita a hacer una referencia a las alegaciones, luego, en forma narrativa a exponer lo que declararon los testigos, y por último, sin especificar separadamente cada hecho probado y en forma genérica, a resolver el caso.

En el de autos, por ejemplo, en el cual la cuestión principal a resolver era si el demandante fué contratado por los demandados para que vendiera ciertas fincas de su propiedad y ofrecieron pagarle el 5 por ciento del total de la venta en concepto de comisión, o si por el contrario sin haber convenido dicha comisión específica, el demandante, al obtener un comprador para ella tenía derecho a un 5 por ciento de comisión por ser ése el uso y costumbre en esta clase de transacciones, el tribunal inferior la resolvió diciendo:

"El demandante tenía como ocupación por varios años el de corredor de bienes raíces y *ya sea* que las partes convinieran en pagar una comisión de un 5 por ciento sobre el precio de la venta o *ya sea* que la situación se aplique al uso y la costumbre, siendo ésta la de pagar un 5 por ciento sobre el mencionado precio de la venta, los demandados están en la obligación de retribuir por sus trabajos al demandante." (Bastardillas nuestras.)

No podemos resolver los recursos de apelación establecidos, tanto por el demandante como por los demandados, en contra de la sentencia condenando a los segundos a pagar al primero $6,500 (o sea un 5 por ciento de $130,000 en que fueron vendidas las fincas de los demandados). El demandante se queja del hecho de que el tribunal inferior se negó a concederle intereses legales sobre los $6,500 desde la fecha de la radicación de la demanda. Aceptando, sin resolverlo por ahora, pues no estamos considerando el recurso de los demandados en su fondo, que el demandante fuera comisionado por los demandados para realizar la venta de las fincas, si fué a virtud de un contrato de 5 por ciento de comisión específica, la suma reclamada sería

una líquida y tendría derecho el demandante a los intereses que reclama. Por otra parte, si no hubo contrato la situación varía y el 5 por ciento de comisión dependería de que se hubiera probado que era el uso y la costumbre pagar dicho por ciento sobre una venta de $130,000, y la suma reclamada no sería líquida al radicarse la demanda. Es de notarse que no obstante haberse alegado en la demanda que los demandados encomendaron al demandante la venta de las fincas "y le ofrecieron pagarle el cinco porciento (5%) del total de la venta en concepto de comisión", el tribunal inferior en su "Relación de Hechos y Opinión" se limita a decir en cuanto a esta cuestión que los demandados comisionaron al demandante "a fin de que vendiera fincas suyas que se describen en la demanda". En ninguna forma resolvió si se había probado el contrato entre las partes o si por el contrario, estaba resolviendo el caso bajo la teoría del uso y la costumbre prevaleciente en estas transacciones.

Creemos llegado el momento de advertir a las cortes de distrito que este Tribunal no habrá de tratar de rebuscar por su cuenta y a través de genéricas "Relaciones del Caso o de Hechos y Opinión" cuáles son las conclusiones de hecho y de derecho a que han llegado al resolver los casos a ellas sometidos y que procederemos a dejar sin efecto las sentencias en que la corte no haya dado cumplimiento estricto a la Regla 52(a) de Enjuiciamiento Civil, y devolveremos los casos para que con ella cumplan.

*Se deja sin efecto la sentencia y devuelve el caso para que el Tribunal de Distrito de Puerto Rico, Sección de Bayamón, dé cumplimiento a la Regla 52(a) y dicte la sentencia que proceda.*